# James Jacks *against* George Moore.

In debt on bond, if the defendant pleaded a set off specially, he would not be bound to give any written notice to the plaintiff, who should reply the statute of limitations, if the set off was barred thereby.

If the set off be offered in evidence, on a notice of set off, it cannot be received where it is barred by the statute.

DEBT 152l. 5s. *sur* obligation. Oyer of specialty and special imparlance. Plea, payment with leave to give the special matters in evidence, with notice of set off. Replication, *non solvit,* and issue.

The defendant offered to shew in evidence, that his son John Moore, during his minority in 1784, performed services for ten months for the plaintiff, during the time he held the offices of recorder of deeds and register of wills in the county of Lancaster, and claimed a reasonable compensation therefor.

This was objected to by the plaintiff, who denied that any allowance was ever in the contemplation of the parties, when the son wrote in the office, he then not being sixteen years old. The bond was dated 26th December 1785, subsequent to this transaction, and had been previously renewed.

He contended, that supposing it to have been a real debt, it was barred by the statute of limitations, and could not now be set off, and cited Bull. Ni. Pri. 176. If the defendant meant to avail himself of the leave to give the special matter in evidence at the trial of the cause, he ought, under the 37th rule of practice of this court, to have given notice in writing at least ten days before, of the special fact or matter, on which he would rely, and which he intended by way of defence. On the foot of mutual dealings, he ought under the 38th rule, to have given the like written notice, and at the same time furnished the plaintiff with a copy of his account. For noncompliance with these requisites, he is now precluded from giving the intended evidence.

*Per cur.* If the defendant had pleaded the set-off specially, he would have been under no necessity to have given any other written notice. It would then have been incumbent on the plaintiff to have replied the statute of limitations. Here

[Jacks *v.* Moore.]

the set*off is not pleaded; and under the case cited, [*392
the evidence may be well objected to, on the mere
notice of set-off.   Evidence overruled.

Verdict *pro quer.* for 107l. 7s. 5d. debt, and 6d. costs.

Mr. Montgomery, *pro quer.*   Mr. Hopkins, *pro def.*

Cited and followed in 8 Watts, 264, and 57 Pa., 157.