acting as jurors, they must find those facts technically, as well as the jury.

In *Knowles* v. *State*, the Court treat the *finding*, as well as the judgment, as erroneous.

The English forms, which have been cited, do not compare, as they were upon demurrers, and writs of error; there the court find no facts; their precedents, therefore, cannot apply. But the finding of a jury, and of the court upon bills in chancery, are much more analagous to the present case, and must be decisive of it.

By THE COURT,

The judgment was affirmed.

## Nichols *v.* Leavensworth.

In the Court below,

WILLIAM LEAVENSWORTH, *Plaintiff*; JOHN NICHOLS, *Defendant*.

THIS was an action of book debt.

The general issue was pleaded, and auditors appointed. They reported, that at the hearing before them, the parties exhibited their books, and the charges therein made, within six years from the service of the plaintiff's writ; and the plaintiff claimed, that sundry of the charges of the defendant were for articles delivered, and services rendered, by the defendant, in favor of the plaintiff, to the amount of 49*l.* 11*s.* 8*d.* in payment and satisfaction of good and legal claims, which the plaintiff, at the time of such service, and the delivery of said articles, had, upon

In an action of book debt, the plaintiff may exhibit an account of more than six years' standing, to countervail the account of the defendant, for articles delivered within six years.

1804.

NICHOLS
*v.*
LEAVENS-
WORTH.

book, against the defendant, previous to said six years ; and, that said articles and services were received by the plaintiff, and by the plaintiff and defendant applied, in satisfaction of such the plaintiff's claim on book, against the defendant. The plaintiff, therefore, prayed, that such charges of the defendant, to that amount, might be disallowed, and that the books of the plaintiff and defendant might be examined, and the parties examined, on oath, relative to said claim. This was objected to by the defendant, and the objection overruled by the auditors. The parties and their books were, consequently, examined, relative to said claim ; and the auditors found, that the charges of the defendant, to the amount of 49*l.* 11*s.* 8*d.* were so rendered, delivered, and received, and were so applied by the plaintiff, without any directions given, or objections made, by the defendant. Wherefore, they disallowed that sum from the demands of the defendant, and found the defendant in arrear $414 12.

To this report the defendant remonstrated, and for cause assigned, that the same was insufficient in the law. The Court accepted the report, and rendered judgment for the plaintiff.

*Daggett*, for the plaintiff in error.

*Leavensworth* sues *Nichols* on book ; *Nichols* exhibits the account, which he has within six years ; *Leavensworth* claims, that previous to six years, he had charges against *Nichols*, and they ought to be enquired into ; and the auditors find that the plaintiff, without any directions given, or applications made, by the defendant, did apply these charges of the defendant to his old account. The statute, so far as it is applicable to the

present case, is, " that all book debts, that shall not, " within six years after the contracting such debt, be " either sued for, balanced, or accounted for with the " original debtor, his attorney, agent, or other lawful " successor, or substitute, and an account or balance " thereof witnessed, by subscribing the debtor's or ac- " countant's name to the creditor's book, such debt shall " not be recoverable in any court in this State." (*a*)

It cannot be contended, that this account is within the exceptions of this statute. It was not sued for, accounted for, nor was an account subscribed.

It must, then, have been allowed, because *Leavensworth* made a charge, and *Nichols* soon after delivered articles ; and one of the parties chose to consider this as balancing the accounts, without any agreement of the other.

This case is within the mischiefs, which the statute was designed to prevent. It is unreasonable, that after this length of time, the parties should, by their own oaths, enforce such claims.

There can exist no difference between this case and one where the plaintiff claims to recover for articles delivered more than six years since. The lapse of time must have the same effect upon the memory, in one case, as in the other ; and the testimony of the parties is entitled to equal weight, in both cases.

*Baldwin*, and *Smith*, (of New-Haven) for the defendant in error.

(*a*) *Stat.* 136.

It is certainly questionable, whether an award of auditors can, in this way, be impeached ; but we are ready to meet the question, as if fairly before the Court.

This statute must be construed according to the intention of the legislature, who enacted it, and is not to be extended. There is nothing in the statute prohibiting an enquiry like this. The statute only prevents a *recovery* of such debts. From the award it appears, that we have not *recovered* for any such articles, as were not delivered within six years. *Nichols* had a right to direct the application of the payment ; but if he did not do it, the other party had a right to direct it.

The auditors had a right to examine whether the account of the defendant was not due ; and this could not be determined without examining the whole account between the parties. When the articles in controversy were delivered by *Nichols*, there was nothing due to him ; and a debt cannot be *created*, by *length of time*.

Suppose A. delivers B. 100*l.* and, the next week, B. returns it ; can B. as soon as six years have elapsed, bring a suit against A. and recover the 100*l.* he delivered him ? Or, suppose in this case, *Nichols* had sued *Leavensworth* for 49*l.* and *Leavensworth* had no claim ; could not *Leavensworth* show his book to prove, that these articles were delivered by *Nichols*, to cancel a claim against him ? If this is not allowed, no one will be safe.

The principles of the statute are not violated by this construction ; former precedents are sanctioned ; and perfect justice is done.

*Edwards*, (of New-Haven) in reply. The statute respecting book debt (*b*) is of such a nature, and such strange constructions have been put upon it, that it ought to be restricted.

At the time of the emigration of our ancestors, there was no statute of set-off. The third section of the statute concerning book debts operates as a statute of set-off; and also permits the defendant, if his claim surmounts the plaintiff's to recover the balance. Suppose this were a mere statute of set-off; an account more than six years old could not be set-off; for nothing can be set-off, but what may be recovered.

The legislature have determined, that no book charge shall be recovered, after six years, for the purpose of cutting up stale demands, and to prevent the mischiefs arising from forgetfulness. To make the remedy commensurate with the evil, it must be extended to cases like this. Upon the principle, which the auditors have adopted, *Leavensworth* may bring in an account more than six years old, to balance the account of *Nichols*. *Nichols* may then bring in an account still older to meet that; and thus the enquiry may be extended to the accounts of the whole lives of the parties.

BY THE COURT,

The judgment was affirmed.

(*b*) *Stat.* 135.

Ii