OPINION of the Court, by
Judge Logan.
This is an action of assumpsit, to which the defendant pleaded the general issue with notice of setoff. Upon the trial he offered in evidence an account comprehending items of more than five years standing preceding the commencement of the action; to which the plaintiff objected, but the court having overruled his objection, he has brought the question before this court.
Notice to ^ivBrtothe'aá-verfe attorney at htw, whiift the th»1 ilatc * irré. gular — it íhould be given to him torney in/"i?,*
Jt was decided by this court, Caldwell vs. Grundy, Pr. Dec. 264, and Hawthhorn vs. Roberts, &c. Hard. Rep. 70, that a debt, to be pleadable as a setoff, must be a mutual subsisting debt at the time of bringing the suit. ®ut 3 debt barred by the statute of limitations, is not a subsisting debt, and so cannot be pleaded as a set-qff or given in evidence. And it has been accordingty Golden in the construction of the English statute similar in its provisions, that a debt barred by the statute of limitations, if pleaded in bar to the plaintiff’s action, the plaintiff may reply the statute, or if such debt be given in evidence, on a notice of setoff, it may be objected to at the trial — iSee 1 Tidd’s Prac. 603 — Bub Ni. Pri. 180. Upon this point therefore, we are of opinion that the court below erred in permitting evidence to the jury of said items.
Another question presented to our consideration is, that unliquidated items were permitted in evidence, Under the notice of setoff, in order to show that the plaintiff ex equo et bono had no right to recover. An Unli-quidated demand cannot be used as a setoff — (Hard. Rep. 150—1 Tidd 602.) But upon the foregoing point, that the subject matter was barred by the statute of limitations, such items were inadmissible in evidence.
Should it, however, be relied on under the general issue, to show that ex equo et bono the plaintiff ought not to recover, it is equally inadmissible as not being pertinent or relevant, unless such matter is connected with, and grows out of the plaintiff’s cause of action. And this not appearing to be the case in the present instance, ought not, under the general issue, to have been admitted as evidence. But if such matter relates to, and constitutes any bearing in the plaintiff’s cause of action, which will show that in equity and justice he ought not to recover, it should then be received in connection with the evidence on the part of the plaintiff, whether it might, as well as the plaintiff’s demand, have been barred by the statute of limitations or not.
A third point made in the cause, is founded upon the rejection of depositions, which were taken under a notice to the attorney at law, whilst the party resided in this state. Notice for taking depositions ought to be given to the party, if in the state, or to his attorney in fact. The law does not direct or sanction a notice to the *51 attorney at law in such cases. The party resident, aware of this provision of the law, might be truly sur-prized from depositions which he expected to have received notice of their being taken under that right secured to him by law, and which his attorney at law was neither bound to inform him of, nor to notice himself. The rule of the court below, which has been mentioned, to have required that exceptions should have been filed to the depositions a given period before the trial of the cause, cannof be received as legalizing a procedure not founded in law. To matters not of form or proceeding calculated to deceive or commit the rights of parties, or to conflict with a right secured by law, the party injured, or who claims the benefit of a right given by law, may properly object. Courts cannot contravene a legal requisition intended for the safety and protection of individual right, by any rule of their own. This would be an exercise of legislative power. Upon this point, therefore, the depositions were properly rejected, whatever ground may thereby have been afforded for a continuance of the cause, had it been applied |or. — —Judgment reversed.