Judge Miles
delivered the opinion.
This cause has been before this court on two farmer occasions, and reversed at the instance of Wdijams, .fb.e plaintiff below, now appellee, as will be seen in 3 Bibb, 49; ⅜ Bifcb, 527.
On toe third trial, a verdict Sod judgment was obtained by the appellee;' and the only questions made by the appellant on the trial below, and now assigned for error, are thg following.
During the progress of the cause, the defendant below obtained leave to take the deposition of a witness de bene esse. This deposition was taken with notice to, and in presente of, the attorney of Williams, the plaintiff below, which attorney also acted then and since as the agent of Williams ⅛ conducting the cause, he, IViiBams, being absent from the state. At the taking of the deposition, the following agreement was procured in favor of Gilchrist, Who took the deposition, from the a'terney of Williams, and signed by bina.only, to wit — “Ascounsel for Dop. Williams I do agree that the foregoing deposition, gnawers anj interrogatories shall be read in evidence, reserving to myself tbq right to object to the competency ol the witness. *236 and to any part which may be deemed illegal or irrelevant t0 l*ie >ssoe-”
An agree-rnii'a depo-i-tie: stif> modo tho’ tunecí tended as an accommoda-the'/whoac eepts it, is mutual; and tho’the party vour ⅛6 admission was intended,may waive6 the**’ reading of ⅛ his adversary “s®nti*t!e^ul° ject to the ex-cepiions con-tamed m the agreement.
This deposition, which had remained in the cause during all the trials, was offered in evidence by the counsel of Williams in his favor; Gilchrist, not choosing to use it hint' self, objected to the use of it by Williams, on the ground that the witness had not been summoned, and was not shewn to be out of the commonwealth. The court admitted the deposition as evidence in favor of Williams, and Gilchrist, the defendant below, excepted.
The propriety of this decision depends on the construction of the written agreement on the port of the appellee’s counsel, and the effect it is to have on the appellant, in whose favor it was made. We cannot hesitate to say, that l^'s agreement amounts to a positive permission to read the deposition in chief, and dispense with the attendance of the witness. It declares the deposhion shall be read, subject onb’ t0 °bjecl*onscompetency and irrelevant and illegal testimony. Of course, the exception of the non-attend-anee of tlie witness or proof of his absence from the state, was completely waived. If it was not waived, the agreement amounted to nothing, as with proving the absence of the witness, the deposition could be read without it. But [,ow ¡s appellant, for whose benefit this agreement was made, to be affected by it? As to him there was no necessity of his making such agreement, as he wished the use 0p the testimony without further trouble, and he accepted an agreement made for bis benefit. Ought be not, therefore, to be estopped by it? We conceive that he ought* anc| that he ought to be subject to the disadvantages. The effect of the agreement ought to be mutual If he accepted an engagement in his favor, it ought to be binding on him so far as to allow his adversary, who made the conces-sjon^ lQ ma]je uge 0f the same evidence, in the same manner, and upon the same terms, if it proved any thing in his favor. Besides, the reason why one party may demand the production in person of his adversary’s witness is, that he may be confronted, interrogated and sbeivn before the jury, in order that his testimony may be critically examined or impeached. This the appellant had no need of, as he attached credit to the witness — had examined him to his satisfaction, and had made him his own. -We therefore conceive the court below properly admitted the deposition,
it is assigned for error that the court below erred in re- *237 jectingthe reading of the defendant’s account, offered under a notice of set-off, because it was barred by the statute of limitations. The dates of the account shewed that they were barred, and no evidence was tendered to shew that they were of a later date. This question ¡0 substance was decided when litis cause was first before this court; and for the reasons then given, this court now approve the decision of the court below. A motion for a new trial was made and overruled, and this opinion is questioned. The only evidence was the deposition before noticed, and it strongly conduced to establish several counts iu the plaintiff’s declaration, as well as to give the defendant many credits, which bad been allowed on a former settlement, and we cannot say that the finding of the jury was not supported by it.
If a defend, ant’s account is barred by the statute of limitations, it cannot be used as a setoff.
Crittenden for appellant, C. JVicklijfe for appellee.
The judgment must therefore be affirmed with costs and damages.