HARVARD LAW SCHOOL LIBRARY.

ALSOP *against* NICHOLS:

IN ERROR.

The statute of limitations is a good replication to a plea of set-off.

THIS was an action of *assumpsit,* brought by *George Nich-*

*New-Haven,*
*July, 1832.*

Darling
*v.*
Hubbell.

*Middlesex,*
*July, 1832.*

Alsop
*v.*
ichols.

ols, surviving partner of the late firm of *Bull & Nichols*, against *Richard Alsop.* The declaration contained two counts ; the first being general *indebitatus assumpsit* for money had and received ; and the other, for money paid, laid out and expended for the defendant, at his request. The money, amounting to 314 dollars, was alleged to have been received by and expended for the defendant, on the 12th of *August,* 1813.

The defendant pleaded the insolvency of the plaintiff, and a debt due from said firm, to him the defendant, on the 26th of *April,* 1813, for goods sold and delivered, to a greater amount, *viz.* 649 dollars ; praying a set-off.

To this plea the plaintiff replied, that, the indebtedness and causes of set-off in the defendant's plea mentioned, did not, nor did any part [thereof, arise or accrue to the defendant, at any time within six years next before the commencement of this suit.

To this replication the defendant demurred. The superior court adjudged it sufficient ; and thereupon the defendant, by motion in error, brought the record before this Court for revision.

*Sherman* and *Barnes,* for the plaintiff, in error, contended, That the statute of limitations was not a bar to the right of set-off.

The case presented by the record is briefly this. On the 26th of *April* 1813, *Bull & Nichols* had 649 dollars of *Alsop's* money in their hands. About four months afterwards, *viz.* on the 12th of *August* 1813, they paid out 314 dollars of this money for *Alsop's* benefit. The payment thus made, by *Bull & Nichols,* extinguished at the time, *pro tanto,* their indebtedness to *Alsop,* leaving him still their creditor for the balance. Their claim now is, not that they are shielded, by the lapse of time, from payment of this balance to *Alsop,* but that he shall be deprived of even the partial satisfaction of his debt formerly made. This operation of the statute of limitations, is obviously opposed to natural equity. If sanctioned at all, it must be either on the ground of positive law, or a long and uniform course of decisions, precluding now a recurrence to principle.

1. The statute of set-off, in *Connecticut,* is of recent date,

having been enacted in *May* 1820. A year afterwards, it was incorporated into the revised statutes. *Stat.* 43. *tit.* 2. *sec.* 32. It is *silent* on the subject of debts barred by the statute of limitations. Nor has it, since its enactment, received any judicial construction, directly affecting the point in controversy.

2. The decisions in analogous cases, so far from impugning the principle of natural equity, uphold it. In *Nichols* v. *Leavensworth*, 1 *Day* 245. in 1804, it was decided, that in an action of book debt, the plaintiff may exhibit an account of more than six years' standing, to countervail the account of the defendant for articles delivered within six years. The action of book debt, in its nature, involves a set-off: and the principle of that decision repels the statute of limitations, as inapplicable to an account offered merely to extinguish, by way of set-off, the claim of the adverse party.

In the case of *The Vermont State Bank* v. *Porter*, 5 *Day* 316. in 1812, the contract on which the action was brought, had been made in *Vermont ;* and the defendant pleaded a set-off according to the laws of *Vermont ;* and on demurrer and an objection that a plea of set-off was unknown to the laws of *Vermont*, the Court say : " It is true, we have no statute authorizing a set-off of mutual debts ; but the general rules of the common law enable a defendant to plead any matter in bar, which destroys the plaintiff's right to recover : and if a set-off can be made by law, so as to avoid the claim of the plaintiff, the common law will supply a form for pleading it : for though the forms of proceeding are different in different jurisdictions, yet the substantial principles of justice ought to be equally regarded in all." *P.* 321. Again, in answer to an objection that the plea of set-off, in that case, was analogous to the statute of limitations, and that courts will not regard acts of limitation respecting contracts made in another jurisdiction, the Court say : " A statute of set-off is founded on those principles of justice, which ought to be respected in all countries. Instead of avoiding a just claim, by length of time, it interposes a mutual debt, which must always be a just ground of defence."

The rules of set-off, as they exist in *Great-Britain* and in this country, are chiefly derived from the civil law. By that law, set-off is made *ipso jure ;—i. e.* it is effected by the

*Middlesex,*
*July, 1832.*

*Alsop*
*v.*
*Nichols.*

simple operation of the law, without any decision by a court, or pleading by any of the parties. *Poth. l. 21. ff. De Compens.* The debt of one party is considered as *extinguishing* the debt of the other, to an equal amount. *Pothier,* in various parts of his treatise, affirms that set-off is *payment.*

The *Code Napoleon* recognizes the same principle. " Set-off is effected, by the mere act of the law, without even the knowledge of the debtors. The two debts are respectively extinguished, at the instant when they are found to co-exist, to the concurrence of their respective amounts." *Code Civ. art.* 1289. 1290. *& seq. Pailliet* and *Toullier,* commentators on the *Code Napoleon,* denominate set-off " *a reciprocal payment,*" and assert, that " the two debts are respectively extinguished, at the instant when they are found to co-exist, to the concurrence of their respective amounts." One of them observes : " Prescription [the statute of limitations] ceases to run against a credit from the moment of set-off."

The law of set-off, since the enactment of the statutes on that subject, is much the same in *England* as the rule of the civil law. In *Ord* v. *Ruspini,* 2 *Esp. Rep.* 569. before Lord *Kenyon,* in 1797, it was decided, that when there are cross demands between the parties, which accrued at nearly the same time, for which bills are given, both of which would be barred by the statute of limitations, and the plaintiff has saved the statute, by suing out process, but the defendant has not, the defendant may, nevertheless, set-off these demands. This establishes the precise right claimed by the defendant, in the present case. It would here " be the highest injustice" to allow the plaintiff's claim and reject the defendant's.

The counsel then adverted to the authorities relied upon in support of the decision below. They particularly examined and commented on *Remington* v. *Stevens,* 2 *Stra.* 1271.—a report which states *no case,* and is comprised in less than two lines. *Bul. N. P.* 180. *Green* v. *Farmer,* 4 *Burr.* 2214.

*Stanley* and *Storrs,* for the defendant in error, insisted, That a debt barred by the statute of limitations, could not be set-off. At common law, no set-off was allowed. Even in the equitable action of *indebitatus assumpsit* for money had and received, in which the plaintiff can recover only so much as appears to be due after making all reasonable deductions, it

has been held, that the defendant cannot set up a distinct claim, to an equal or a greater amount, as a defence to the plaintiff's claim. *Mc Lean* v. *Mc Lean*, 1 *Conn. Rep.* 397. *Gunn* v. *Scovil*, 1 *Conn. Rep.* 399. *in notis.* This has made it necessary, in certain cases, to resort to equity ; and that court has interfered, and compelled a set-off. But at law, the right of set-off, so far as it exists, depends on *statute.* In principle, our statute is similar to that of *England ;* but the *English* statute applies to all mutual debtors, whereas ours confines the right of set-off to cases where the plaintiff is a bankrupt or out of the state. The object of both is the same ; and the subjects of set-off are the same—*viz. mutual debts.* The *New-York* statute is copied from the *English.* The decisions in *England* and *New-York* are, therefore, applicable here. In *Remington* v. *Stevens*, 2 *Stra.* 1271. *Bul. N. P.* 180. it was decided expressly, that a claim barred by the statute of limitations, cannot be set off. The same point was virtually established in *Evans* v. *Prosser*, 3 *Term Rep.* 186. *Carpenter* v. *Butterfield*, 3 *Johns. Ca.* 145. *The Jefferson County Bank* v. *Chapman*, 19 *Johns. Rep.* 322. *Martin* v. *Williams*, 17 *Johns. Rep.* 330.

A set-off is in the nature of a *cross action.* The defendant is bound to prove every thing necessary to constitute his claim of set-off, in the same manner that the plaintiff is bound to make out his case ; and if the statute of limitations is a good answer in one case, it must be equally so in the other. 2 *Saund. Pl. & Ev.* 359. 19 *Johns. Rep.* 324.

If a debt barred by the statute of limitations could be set off, the enquiry would be interminable ; for the plaintiff might set off against the defendant a debt barred ; and so on through all the past transactions of the parties. The consequences of this course would be to destroy the statute and defeat the objects of it.

The decisions in actions of book debt, are inapplicable to this case. Charges more than six years old, are not a set-off in book debt, but are applied in *payment* of charges of less than six years standing. This results from the nature of the action. The law regards the debt as *entire.* The books of both parties are evidence of *one* debt ; and that debt is the *balance.*

*Middlesex,*
*July, 1832.*

*Alsop*
*v.*
*Nichols.*

Before the statute of set-off, equity never decreed a claim barred by the statute of limitations, to be set off. On the contrary, the statute of limitations, is as good a defence in equity as at law.

WILLIAMS, J. The question in this case, is, whether the plaintiff's replication is sufficient.

By our statute of set-off, when the plaintiff is a bankrupt, or insolvent, or not an inhabitant of the state, and there are mutual debts existing between the parties, one debt may be set off against the other, and judgment may be rendered for the balance. *Stat.* 43. *tit.* Actions Civil. *sec.* 32.

In support of the demurrer, it is claimed, that upon the principles of natural equity and justice, one debt ought to be set off against another: that the decisions under the civil law, as well as those of our own courts, also support the same principle.

Lord *Mansfield* does indeed, in *Green* & al. v. *Farmer* & al., 4 *Burr.* 2220. use this language : " Natural equity says, that cross demands should compensate each other, by deducting the less sum from the greater ; and that the difference is the only sum that can be *justly* due." If that were law, the statutes of set-off, both here and in *England,* were entirely unnecessary ; and the interposition of courts of equity, in certain cases, was also unnecessary. But a long course of decisions in both countries, has shewn, that such was not the law. And the same eminent judge himself immediately adds: " But positive law, for the sake of the forms of proceeding and convenience of trial, has said, that each must sue and recover separately, in separate actions." It is, therefore, entirely too late to enquire, at this time, whither the principles of natural equity would lead us.

Again, it is said, that by the principles and maxims of the civil law, founded upon the principles of justice, a set-off is made *ipso jure,* by the simple operation of law, as soon as the creditor becomes the debtor, and *vice versa.* Here again, it is apparent, that if this were our law, our statute of set-off was entirely unnecessary ; and the whole course of decisions in this state since its first settlement on this subject, have been erroneous ; and the statute recently made is of no importance,—unless to limit this right before existing ; because

*Middlesex,*
July, 1832.

Alsop
*v.*
Nichols.

these principles of the civil law are independent of our stat-
ute, and as applicable to our situation before as after the exist-
ence of that statute. Whatever respect, therefore, is due to
those who framed the civil law, or those who expounded it,
it cannot be admitted, that the principles of that law, are to
be adopted by us, if irreconcilable with a course of decisions,
which have been uniform, and in entire conformity with the
decisions in that country from which most of our laws are
derived. Much less do I see any foundation for the claim
that this is in accordance with the principles of our own
decisions.

It is true, that in book debt it has been holden, that a debt
barred by the statute of limitations, may be introduced in
evidence, to countervail a debt of the other party less than six
years old. *Nichols* v. *Leavensworth,* 1 *Day* 245. This,
I apprehend, however, is not upon the ground of set-off, but
of payment. The nature of the action of book debt requires
this. The action is brought for the balance due on book ; and
that balance only can be recovered, if the actual state of the
account is known to the court. Of course, there is no plea
of set-off necessary. Nor was there formerly any notice to
be given of the defendant's claim, unless he claimed a balance
due him, though now a statute allows the plaintiff to pray
oyer of the defendant's account.

The case of *The Vermont State Bank* v. *Porter,* 5 *Day*
316. 323. is not analogous. There, the plaintiffs, incorpora-
ted by the laws of *Vermont,* were, by their charter, bound to
receive their own notes in payment of their debts. To avoid
the effect of this provision, they brought a suit in *Connecticut,*
against a surety of one of their debtors, who claimed that he
might have the benefit of this provision. This was resisted,
because in *Connecticut* we then had no statute of set-off.
But the court held, that this contract being made under the
laws of *Vermont,* and with reference to them, ought to be
carried into effect in this state, and therefore, sustained a plea
of a tender of the notes of the *Vermont State Bank.*

The only remaining question, then, is, what is the true
construction of our statute of set-off? This statute, in its
provisions, resembles the *English* statute of 2 *Geo.* II. and 8
*Geo.* II. It does not, indeed, go so far as those statutes, as it
allows a set-off only when the plaintiff is a bankrupt or insol-

*Middlesex*,
July, 1832.

Alsop
*v.*
Nichols.

vent, or resides out of the state : in other respects, it contains substantially the provisions of those statutes. According to the ordinary rule of construction, therefore, we are to adopt the construction, given by the *English* courts, to those acts. When the legislature adopts an *English* statute, we cannot rationally believe, that it intended to adopt the civil law ; but we may fairly suppose, that it did intend to adopt those principles which had been engrafted upon or derived from that statute. It would seem, then, that we had only to enquire what construction, in similar cases, has been given to the *English* statutes. We find, that soon after the enactment of those statutes, in the case of *Remington* v. *Stevens*, 2 *Stra.* 1271., it was held, that the statute of limitations might be replied to a plea of the statute of set-off. If it is said, that this is a *Nisi Prius* case, reported in two lines, it may also be said, that it has been recognized as sound law, by every writer treating upon this subject from that time to the present. *Bul. N. P.* 180. 1 *Chitt. Plead.* 553. 3 *Wooddes. Lect.* 164. 1 *Tidd's Prac.* 604. And it has been considered as good law in several of our sister states. *Williams* v. *Gilchrist*, 3 *Bibb*, 49. *Gilchrist* v. *Williams*, 3 *Marsh.* 236. *Martin* v. *Williams*, 17 *Johns. Rep.* 330. *The Jefferson County Bank* v. *Chapman*, 19 *Johns. Rep.* 322. 1 *Yeates* 391. And independent of authority, it stands upon ground not to be shaken. The statute speaks of *mutual* debts ; of course, it cannot intend those claims, which, *ipso jure*, destroy each other ; as payment destroys the claim of the holder of a note. In such case, the payer has no mutual debt, but must see to the application of the money. The debt referred to, by the statute, must be a *subsisting debt.* 1 *Chitt. Plead.* 553. 3 *Bibb* 49. A debt, which, by the rules of law, cannot be proved to be in existence, cannot be a debt recognized by law. A claim avoided by the statute of frauds, or usury, or the statute of limitations, cannot be considered as a subsisting debt ; and when the statute of limitations is interposed, I see not why it is not as operative and effectual as the statute of frauds or of usury.

It is conceded, that if the plaintiff had brought his action to recover this debt, the statute of limitations might be interposed. What difference in principle can it make, whether he claims this debt as plaintiff or as defendant ? There is the

same danger from the treachery of memory regarding an ancient transaction ; the same danger of perjury from a perfidious man, whether the witness is sworn by the defendant or plaintiff : all the evils contemplated by the statute are the same, and the laches of the party is the same. Besides, in a plea of set-off, the defendant becomes the *actor.* He is, indeed, plaintiff, so far as regards this claim. *Carpenter* v. *Butterfield,* 3 *Johns. Ca.* 145. 147. *The Jefferson County Bank* v. *Chapman,* 19 *Johns. Rep.* 322. 324. 3 *Wooddes. Lec.* 164. Of course, he must establish his claim in the same manner. If then, instead of interposing a plea of the statute of limitations, the plaintiff had traversed the existence of the debt, could the defendant have proved any debt ? Might not the plaintiff have objected to any proof of a debt more than six years old ? I know not how the defendant could have answered the objection. 3 *Stark. Ev.* 1317. Of course, the issue must have been found against the defendant ; because he has no debt ; he has proved none. If that course might have been taken successfully, this is equally proper for a party claiming the benefit of the statute of limitations. He may either plead the statute, or object to the evidence of a debt within it. Indeed, I consider the rule as settled, that such a debt only can be set off, as an action could be maintained for. *Esp. Dig.* 239.

A single case only has been pressed upon us, with much force, as opposed to this principle. It is a *Nisi Prius* case ; and the judge is Lord *Kenyon.* That was an action on a bill of exchange, dated in 1784. The set off claimed was of bills and notes paid some years, by the defendant. The plaintiff's demand had been kept alive, by his having taken out and continued process. As the defendant had not done this, it was claimed, that his demand was barred by the statute ; and so there could be no set-off. But it was holden, that as the transactions between the parties were all of the same date ; and as the bills seemed to have been given in the course of these transactions, and for their mutual accommodation ; it would be the highest injustice to allow one to have an operation by law, and not the other ; and his Lordship said, he would hold the latter to be good as well as the former, and suffer them to be set off.

It seems, however, in this case, that the general issue was

*Middlesex,*
*July, 1832.*

Alsop
*v.*
Nichols.

pleaded, and the cause was on trial to the jury ; and when an objection was made to the defendant's proving the bills paid by him, as they were not made the special objects of a set off, it was overruled ; and it was held, that they were good evidence under the count for money paid for the plaintiff's use.

Whether, therefore, the remarks of the judge, in that case, were made on the plea of set-off, or on the general issue, does not appear.   Indeed, there is so much looseness in the report, that the precise point cannot be easily ascertained.   This, however, is apparent, that it was not a mere point of law, arising, as in this case, upon a demurrer.   Nor is it to be believed, that Lord *Kenyon* intended to impair the general principle above alluded to, as he does not advert at all to any previous case.   But when he speaks of the course of business of these parties, and their mutual accommodations, it is apparent he refers to facts that do not appear detailed in the report, and upon which he is instructing the jury.   But in the case before the court, upon this demurrer, we know nothing of the course of business between these parties, of their mutual accommodations, and of a variety of facts, which might justly lead a jury to believe, that it was the intention of the parties, that one of those claims should apply to the other, and that " it would be the highest injustice to allow one to have an operation, and not the other."   " A presumption of payment," (says Ch. J. *Kent*) " as a matter of evidence, must be left, in each case, to be raised or repelled by the respective parties."   *Ruggles* v. *Keeler,* 3 *Johns. Rep.* 268.

I do not know, that the defendants can make out such a case.   If they can, it must be on a trial of *fact*.   But under this demurrer, where the naked question arises, whether the statute of limitations is a good answer to a plea of set-off, I can have no hesitation in answering that question in the affirmative ; and therefore conclude, that there is no error in the judgment of the superior court.

HOSMER, Ch. J., and DAGGETT, J., were of the same opinion.

PETERS, J. dissented.

BISSELL, J. dissented at first, but afterwards acquiesced in the decision.

Judgment affirmed.