GILBERT BERRY *versus* THOMAS CUTTS & *Trustees.*

The object of the Act of 1844, c. 112, relating to assignments, was to secure the *equal distribution* of the effects of insolvent debtors not exempt from attachment, among all their creditors, who, after notice, should become parties to the assignment, in proportion to their respective claims.

Preferences, given by an assignment, or by the transaction to effect such distribution of which an assignment is a part, render the assignment void.

If preferences be given, and they do not appear in the assignment itself, the fact may be shown by proof *aliunde.*

If it appear that it was the purpose of the debtor to give preference to one class of creditors over another, and the different instruments to effect that design were not of the same date nor executed at the same time, they will still be deemed, in law, one transaction.

An insolvent debtor, contemplating the assignment of all his property, for the benefit of his creditors, in accordance with the statute of 1844, c. 112, transferred portions of his estate to secure certain honorary liabilities, and shortly thereafter executed an assignment of his remaining property : — *Held,* that the transfers and the assignment were to be regarded as parts of one transaction, and that, inasmuch as the assignment did not provide for the *equal* distribution of the debtor's estate, in accordance with the statute, it was fraudulent and void ; and that the assignee was chargable as trustee of the debtor.

An assignment must in *fact,* as well as in form, provide for the equal distribution of the debtor's estate, not exempt from attachment, or it will not answer the requirements of the statute.

On Exceptions from Nisi Prius, APPLETON, J., presiding.

Trustee's Disclosure.

Thomas Cutts, the principal defendant in this suit, being embarrassed in his business affairs, made transfers of portions of his estate to secure his confidential creditors, and, soon afterwards executed an assignment of the balance of his property, not exempt from attachment, for the benefit of his creditors. Messrs. Hayes and Nye, the persons summoned as trustees in this suit, were the assignees of Mr. Cutts. Mr. Hayes made his disclosure, and, after it was placed on file, the plaintiff filed specifications alleging fraud on the part of the principal defendant Cutts, in the distribution of his estate, and put into the case the deposition of the said Cutts in relation to the transaction. Upon a hearing of the case, the presiding Judge discharged the trustees and the plaintiff excepted.

The case was elaborately argued, by counsel, upon the facts.

*David Fales* and *S. W. Luques,* for plaintiff, cited Act of 1844, c. 112; *Perry* v. *Holden,* 22 Pick. 277.

*T. M. Hayes,* for trustees, cited Act of 1844, c. 112; Act of 1849, c. 113, § 5; *Page* v. *Smith,* 25 Maine, 256.

*Fales,* in reply.

RICE, J.—It is provided, by c. 112, of laws of 1844, that all assignments made by debtors in this State, for the benefit of their creditors, shall provide for an equal distribution of all their estate, real and personal, among such of their credi-

tors as, after notice, become parties to said assignment, in proportion to the amount of their respective claims; excepting such property of said debtor as may be by law exempt from attachment.

The obvious intention of the statute is, to secure the equal distribution of the effects of insolvent debtors, not exempt from attachment, among all their creditors, in proportion to their claims. The object to be attained is clearly equitable and should be pursued in good faith, by those who desire to avail themselves of its provisions. Any arrangement, by which an assigning debtor should so dispose of his property as that the assignment should not provide for the equal distribution of his estate, not exempt from attachment, among all his creditors, in proportion to their claims, would manifestly be in opposition to the letter and spirit of the statute. Preferences in the act of assignment cannot be given. And it is equally in violation of the statute, if preferences are given in the transaction by which such distribution is effected, if the assignment constitutes a part of that transaction, though those preferences may not appear in the assignment itself. They may be shown by proof *aliunde.* The assignment must, in fact, as well as in form, provide for the equal distribution of the debtor's estate, not exempted from attachment, or there will not be a compliance with the requirements of the statute.

When, therefore, a debtor, in contemplation of an assignment under this Act, shall determine upon a distribution of his estate among his creditors, and, in execution of such contemplated assignment and determination, and for the purpose of giving a preference to one class of creditors over another class, shall transfer to such preferred class distinct portions of his estate, and then assign the residue thereof to his general creditors, though the different instruments may not bear the same date, or be executed at the same point of time; if they are executed in pursuance of an original design, contemplated and determined upon in the beginning, they will be deemed in law one transaction; a transaction consisting of a series of acts, intended to produce one result, to wit, the distribution of

the debtor's estate among his creditors. If, therefore, the transaction when fully executed, as originally contemplated and determined upon, does not make an *equal* distribution of such estate among all the creditors, in proportion to their claims, it is not in conformity with the statute, and must be deemed in fraud of its provisions, and void as to creditors; at least so far as the assignment is concerned.

The case of *Perry* v. *Holden*, 22 Pick. 269, cited in the arguments, in principle sustains this rule. It even goes further, by holding that the deed as well as the assignment was void, in a case not differing very materially from the case at bar.

Such being the rule of law by which the case is to be determined, it becomes important to ascertain the facts in the case.

Mr. Hayes, one of the assignees, and also one of the trustees in this case, drew the assignment and also most of the deeds, mortgages, and mortgage bills of sale, executed by the principal defendant, by which his property was transferred and assigned.

In the original disclosure, Mr. Hayes says:—"He, (the defendant,) first spoke to me about the situation of his affairs on Wednesday before the date of his assignment. After consultation, I advised him to secure his confidential creditors and make an assignment for the benefit of the rest."

In answer to the question, " Were these deeds and the assignment made in pursuance of that advice ?" he says:—" I have no doubt they were. Mr. Cutts, a day or two afterwards, requested me to be his assignee, and I consented, on condition that Mr. Tucker, or some one else, should be associated with me."

He further states:—" I think Mr. Cutts requested me to be assignee before the deeds were made, and I expressed an unwillingness, but after the deeds were executed, I consented to become assignee, on condition that some other gentleman should be associated with me."

After this disclosure was put on file, the plaintiff filed spe-

cifications, alleging fraud on the part of the principal defendant in the distribution of his estate.

In an additional disclosure made by leave of Court, at a subsequent term, this trustee, among other things, declares, that " Mr. Cutts had conversed with Mr. Nye and myself concerning the propriety and expediency of an assignment for the benefit of his creditors, but he had not determined to execute such assignment. Upon Sunday evening, May 27, 1855, about nine o'clock, Mr. Cutts called at my house, and, after some conversation, then, for the first time, expressed his determination to execute an assignment for the benefit of his creditors, and requested me to act as one of his assignees, which I consented to do if Mr. Tucker, or some other gentleman, should be associated with me." He also states, that " said assignment was made by all parties thereto, in good faith, and for the honest purpose of distributing the property of said Cutts among his creditors, pursuant to the statute; and the mortgages were also made in good faith, by said Cutts, to secure creditors and sureties, and indorsers, who sustained to him a relation which he considered peculiarly confidential. The assignment was not contemporaneous with the mortgages, &c., nor was it in pursuance of any plan formed previous to the execution of said mortgages, &c., but in pursuance of a determination of said Cutts, formed after the execution of said mortgages, and after the grantees in the same had assented thereto."

It appeared, on the examination of said Hayes, that many of the statements above quoted, made by him in his second disclosure, were derived from information of others, and not from his own personal knowledge.

The deposition of the principal defendant is in the case. He therein states:—

" I have never delivered mortgage bills of sale to any person since the 25th of May last, (1855.) I did not myself deliver any of the mortgage deeds that were made to secure my creditors, at the time of my failure. I carried them myself to Alfred. I suppose the assignment, the mortgage deeds,

and mortgage bills of sale were all made about the same time; the mortgage deeds and bills of sale were made in contemplation of the assignment. The various mortgage deeds, the assignment, and the mortgage bills of sale, and deeds, were the means made use of by me to transfer my property, at the time, to my creditors. Other parties, beside myself, first proposed to me this plan of making these deeds, mortgage and assignment."

In view of all the facts disclosed by the trustees, and in the deposition of the principal defendant, we are satisfied that the deeds, mortgage deeds and mortgage bills of sale, executed by the defendant, on the 26th and 28th of May, 1855, were executed in contemplation of making an assignment, and after the defendant had determined to assign; that the execution of the various instruments by the defendant, referred to, and the assignment, were parts of one transaction, entered upon for the purpose of distributing his estate among his creditors. And that, inasmuch as the assignment did not provide for an equal distribution of his estate, real and personal, among such of his creditors as should, within the terms of the statute, become parties thereto, it must be treated as fraudulent and void.

*Exceptions sustained and trustee charged.*

TENNEY, C. J., and HATHAWAY and CUTTING, J. J., concurred.