### WILCOX *et al. v.* PAYNE *et al.*

*(Supreme Court, Special Term, New York County.   January 8, 1889.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS — BY PARTNERSHIP — APPROPRIATION BY PARTNER.

   A general assignment by a firm for the benefit of creditors is void where it appears that one of the partners, 12 days before the assignment, appropriated a large amount of the firm's cash assets, which are unaccounted for.[1]

2. SAME—ACTION TO SET ASIDE—RETURN OF EXECUTION.

   A suit by a creditor to set aside as fraudulent a general assignment made by his debtor is not prejudiced by the fact of the return before suit of an execution on a judgment obtained by him against the debtor.

Action by D. Wilcox and another against William H. Payne and others, to set aside an assignment for the benefit of creditors.

*S. F. Kneeland,* for plaintiffs.   *L. Laflin Kellogg* and *William H. Clark,* for defendants.

BEACH, J.   The plaintiffs, with the judgment and execution issued and returned unsatisfied, bring suit to declare void defendants Payne and Steck's general assignment to defendant Smith for the benefit of creditors, dated December 28, and accepted December 29, 1887.   On December 28th the defendants confessed judgment to various creditors, presumably for paying off debts, amounting to about $30,000, and levy was made without delay upon the personal property belonging to the firm, to a large amount, and precedent to the assignment.   It appeared on the trial that within 12 days prior to December 28th the defendant Payne appropriated from the firm's cash assets about $40,-000, totally unaccounted for, and presumably thereafter devoted to his own use.   This fact constitutes a fraudulent hinderance and delay to creditors, rendering the assignment void, and it must be so decreed.

I do not think the plaintiffs' standing in court is prejudiced by the return of an execution upon their judgments.   Under whatever name of prior nomenclature actions of this character may be classified, they are certainly not in aid of execution process, and therefore not amenable to the principles of equity regulating suits seeking that result, where an execution outstanding, at least when the bill was filed, has been held invalid.   In *Wheel Co.* v. *Fielding,* 31 Hun, 274, such was the relief sought against the general assignment and fraudulent deeds of realty.   The distinction between the two kinds of equity suits is clearly stated by the court in *McElwain* v. *Willis,* 9 Wend. 548.   A demurrer to a supplemental bill charging fraud in a general assignment was sustained because there was no averment of execution returned unsatisfied.   The former chancery practice was held invariable from the enactment of 2 Rev. St. p. 173, § 38.   The other class of cases referred to by the learned court are those where the aid of equity is invoked to remove some fraudulent or inequitable obstruction interposed by the defendant to the collection of the judg-

---

[1] For full discussions of partnership assignments for benefit of creditors, see Wells v. Ellis, (Cal.) 9 Pac. Rep. 80, and note; Shattuck v. Chandler, (Kan.) 20 Pac. Rep. 225, and note; Trumbo v. Hamel, (S. C.) 8 S. E. Rep. 83, and note.

ment, independently of which the remedy would have been ample at law. In such cases the return of the execution before suit was held fatal to relief. This action is more properly classified with the first mentioned, and return of execution was proper under the statute, *supra*, and section 1871, Code Civil Proc.

The learned counsel for plaintiffs presents an ingenious contention, founded upon the confessions of judgments, the general assignment, and the statute restricting the total of preferences in those instruments to the amount of one-third in value of the assigned estate left after deducting wages, salaries, etc. Laws 1887, c. 503. It is urged that the judgments and assignment should be held as one transaction, and the latter void, because a fraudulent evasion of the statute was intended and accomplished; the preferences given by the judgments largely exceeding the statutory limit. This could not logically result in condemning the assignment, because excessive preferences do not invalidate, but only bring proportionate rebate. It is quite possible, treating the acts as one transaction, an action might be upheld to so decree, and hold the judgments liable to reduction as preferences; but, if so, the judgment creditors would necessarily have to be brought into court, although the judgments may have been the means used to avoid the restriction and "thwart the law." I find neither principle nor authority to uphold doing more than bring them within the limit required by statute. Circumvention in this wise, however reprehensible, will not justify the conclusion of an intent to hinder, delay, and defraud creditors, which is the ground for invalidating an insolvent assignment. No cited adjudication goes to such a length. In *Preston* v. *Spaulding*, 120 Ill. 208, 10 N. E. Rep. 903, the virtual preferences made by confession of judgment were held part of the one transaction with the general assignment, and void, the whole property to be distributed under the assignment. The Illinois statute made preferences invalid. Under a like law it was so held in *Clapp* v. *Nordmeyer*, 25 Fed. Rep. 71, (U. S. Cir. Ct. E. D. Mo.;) *Berry* v. *Cutts*, 42 Me. 445; *Holt* v. *Bancroft*, 30 Ala. 197.

The cases of *Perry* v. *Holden*, 22 Pick. 269, and *Berry* v. *Cutts*, 42 Me. 445, and *Hahn* v. *Salmon*, 20 Fed. Rep. 801–811, are not now accessible to me. The assignments were, in these cases, held void in contradistinction of the other cases. I venture to affirm it was because the entire transaction constituted an instrument of preferences in direct contravention of the statute. In other adjudications the preferences alone were against the law. The subject-matter amenable to statutory inhibition must be held clearly in mind. These authorities do not announce any principle which would invalidate the assignment in question, because the statute the defendants attempt to qualify does not for that reason make it invalid. I have considered this question, being unaware of any prior judicial discussion. The appropriation by the defendant Payne of the firm moneys affords ample ground for a decree declaring the assignment fraudulent and void. Decree for plaintiffs, with costs.