Shauck, J.
It is not doubted that an insolvent debtor may, in an instrument assigning his property for the benefit of his creditors, make valid provisions for the preference of some of his-creditors, unless it is prohibited by statute. Stevenson et al. v. Agry et al., 7 Ohio, pt. 2, 247. In most of the states such preferences are prohibited by, statute. The prohibition in this state is found in section six thousand three hundred and forty-three (6343) of the Revised Statutes: “ All assignments-in trust to a trustee or trustees, made in contemplation of insolvency, with the intent to prefer one or more creditors, shall inure to the equal benefit of all creditors in proportion to the amount of their respective claims, and the trusts arising under the same shall be administered in conformity with the provisions of this chapter.”
It is assignments to trustees with intent to prefer one or more creditors, that this statute converts into an assignment for the benefit of all creditors. It does not destroy an insolvent debtor’s dominion over his property, or disable him to use it in paying or securing some of his creditors, even though the result may be to wholh' defeat others. Harkrader et al. v. Leiby et al., 4 Ohio St. 602. This case, and other authorities, in this state consistent with it, clearly establish the validity of the mortgage in controversy, unless its execution is so related to that of the assignment as to require us to regard it as in substance a part of the same transaction. While the Supreme Court of this state has determined many cases in *515 volving the validity of mortgages executed by insolvent 'debtors, this question has not been presented to that tribunal. In all of those cases the right of the insolvent debtor to secure a creditor by a mortgage executed for that purpose alone is recognized, and in most of them the determining question is whether the instrument creates a trust in favor of other creditors. In the case before us the trust is expressly created by the assignment. If it in form contained provisions for the preference which the debtor sought to create by the contemporaneously executed chattel mortgage, the transaction would be within the express terms of the statute, and beyond all contention the preference would fail. The precise question, therefore, is whether an insolvent debtor may, by two or more instruments executed to different partips in pursuance of h single purpose, assign his property to a trustee with, a valid preference notwithstanding the statute providing that this can not be done by a single instrument.
From principle and the authority of well considered cases in other states we conclude that when a debtor recognizes his-insolvency and forms a purpose to assign his property to a trustee, in order that it may be devoted to the payment of his debts, all instruments that he may execute with that purpose in view are, in law, one instrument. Perry et al. v. Holden, 22 Pick. 269: Berry v. Cutts, 42 Me. 445; Rundlett v. Dole et al., 10 N. H. 458; Preston et al. v. Spaulding et al., 120 Ill. 208; Burrows et al. v. Lehndorf, 8 Iowa, 96; VanPatten et al. v. Burr et al., 52 Iowa, 518; Hahn v. Salmon et al., 20 Fed. R. 801; The Dogget etc. Co. v. Herman et al., 5 McCrary, 269.
■ From a large number of cases in which this doctrine is-held, these are selected because they utterly refute the theory that it rests on statutory provisions not found in this state. They give effect to statutes which, like ours, forbid assignments with preferences. There being a preference in the assignment, the effect of the statute may be, as in Iowa and Massachusetts, to render the assignment void; or, as in Ohio, Illinois and Colorado, to avoid the preference. But in each of these cases the question was whether a mortgage or confessed judgment and an assignment, related to each other in their inception as are those before us, constituted an assignmept *516 with a preference. The affirmative answer to that question was in no case aided by any provision of the statute. The reason for the conclusion is well stated in Preston et al. v. Spaulding et al., and our statute detracts nothing from its force: “The voluntary assignment act is, in its character, remedial; and it must, therefore, be liberally construed, and no insolvent debtor, having in view the disposition of his estate, can be permitted to defeat its operation by effecting unequal distribution of his estate by means of an assignment, and any other shift or artifice under the forms of law.” It is to be observed that this case recognizes the dominion of an insolvent debtor over his property, and his right to devote it to paying and securing his creditors, as fully as that right has ever been recognized by any authoritative decision in this state. But that right ceases when the debtor resolves upon making a general assignment.
It is suggested that the interests of the general creditors are no more seriously affected in this case than they would have been if the assignment had been made at a later day. The suggestion evades the point. The validity of a mortgage thus related to an assignment is not to be determined as a. question of dates, but as a question of intention. The contemporaneous execution of the two instruments of itself shows that the mortgage was executed with intent to defeat the statute. It is not otherwise important.
Nor does this mortgage derive favor from the consideration that it would have been valid if the assignment had not been made, and that its probable effect would have been to defeat the general creditors in the collection of their claims. That consideration might with propriety be urged upon the legislature as showing that our present statutes are inadequate to the prevention of all forms of commercial injustice; but it ought not to deter a court from giving full force and effect to such remedial statutes as have been enacted to that end.
Some of the peculiar features of this case serve only to illustrate the wisdom of the statute and the propriety of enforcing it according to the recognized principles stated. But one of them has legal significance. The president pro tem. of the insblvent corporation had no authority, by virtue of that station, *517 to execute either the mortgage or the assignment. For those purposes it was indispensable that authority should be specially conferred by the directors. The minute shows that his authority to make the assignment was upon the express condition that it should be subject to chattel mortgages which had not then been executed. In this necessary act of authorization there was provision for a preference in the assignment.
Watson & Burr and Albery & Albery, for general creditors.
Albery & Albery, for Commercial National Bank.
M. B. Hagans and W. H. English, for the Cincinnati National Bank.
In all of its aspects the case shows a deliberate purpose to commit a fraud upon the statute. Looking beyond the shifts employed to the substance of the things done, there appears an assignment to a trustee, made in contemplation of insolvency, and with intent to prefer a creditor. The statute declares the result to be that the assignment inures to the equal benefit of all creditors.
Judgment reversed.