### THALHEIMER *v.* KLAPETZY *et al.*

*(Supreme Court, General Term, Fourth Department.* February, 1891.)

**1. WITNESS—IMPEACHMENT BY PARTY CALLING.**
   A witness cannot be impeached by the party calling him.

**2. ASSIGNMENT FOR BENEFIT OF CREDITORS—CONFESSION OF JUDGMENT.**
   In an action to set aside a general assignment as containing preferences, in violation of Laws N. Y. 1887, c. 503, in that the assignors confessed judgments in favor of some of their creditors two days before making the assignment, a finding of the trial court that the judgments were not confessed in contemplation of the assignment will not be disturbed on appeal where one of the assignors, called as a witness by plaintiff, testifies that the judgments were not confessed in contemplation of the assignment, and that there was no intent to evade the statute.

Appeal from special term, Onondaga county.

Action by Gates Thalheimer against Feliz C. Klapetzy and others. Plaintiff is a judgment creditor with an execution returned unsatisfied of Feliz C. Klapetzy and Bernard Klapetzy, who were copartners in business in Syracuse from September 26, 1885, down to the 19th of August, 1889, when they made a general assignment to the defendant Chryst. On the 17th of August, 1889, the judgment debtors confessed two several judgments, one to John Klapetzy and the other to Joseph J. Klapetzy. It is found by the trial judge that when the judgments were obtained, on August 17, 1889, "there was no mention or suggestion of a general assignment for the benefit of creditors, and that said Feliz C. and Bernard Klapetzy, or either of them, did not at that time contemplate the making of a general assignment, and that said judgments were not confessed by said judgment debtors nor obtained by said judgment creditors with any intent on their part or the part of either of them to evade the statute of 1887 in regard to preferences, but that the object and intent of obtaining said judgments, and each of them, was to secure and pay an honest indebtedness of said judgment debtors; that the attorney for the parties obtaining said judgments was one Charles H. Sedgwick, of Syracuse, N. Y.; and that the first suggestion of a general assignment made by or to said judgment debtors was on August 19th, the day of the execution of the assignment, and was by advice of Mr. Baldwin, who had that day been retained by said judgment debtors." The trial court also further found "that the assignment for the benefit of creditors above referred to was made in good faith, and for an honest purpose, and without any intent on the part of the said assignors or assignee to hinder, cheat, delay, or defraud the plaintiff or any other creditor." The trial judge also further found "that the plaintiff in this action, by his proofs upon the trial, failed to establish any cause of action against the defendants, or either of them, and that the defendants are entitled to a dismissal of the plaintiff's complaint, with costs." From a judgment entered on a decision made after a trial at special term dismissing the plaintiff's complaint upon the merits plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Hogan & Stern,* for appellant. *Baldwin & Kennedy,* for respondents.

HARDIN, P. J. Principally upon the evidence of one of the assignors called as a witness by the plaintiff, as well as his testimony given in supplementary proceedings, the plaintiff relied at the trial to sustain the allegations of the complaint which, in effect, charge that the confessions of judgment made on the 17th of August, 1889, were part of a scheme on the part of the assignors to give preferences, in violation of chapter 503 of the Laws of 1887. Inasmuch as the plaintiff called Feliz Klapetzy as a witness, he thereby vouched to the court that he was worthy of credence, and the plaintiff was not at liberty to impeach the witness. In *Hunt* v. *Fish,* 4 Barb. 324, it was held that "a party cannot be allowed to insist that his own witness is not to be believed." In speaking of such a witness, GRIDLEY, J., says, (page 331:) "The witness was doubtless strongly in the interest of the plaintiff, and, had he been called by the plaintiff, his testimony would have been subject to much just criticism. The defendants have, however, made him their own witness, and must take his testimony as he has given it. Had the defendants not called this witness, that might have argued that the referee should have disregarded his testimony, if it had been inconsistent or improbable. But they cannot now do this. He has sworn that Mr. Hunt was a *bona fide* holder, and the defendants cannot be heard to insist that he is not to be believed. They had the right, if surprised by his testimony, to show by other witnesses that the facts were otherwise; but they could not impeach their own witness, either directly or indirectly." After reading the testimony found in the appeal-book, and carefully considering the same in the light of the ingenious and extensive criticisms made thereon by the learned counsel for the appellants, we are not inclined to disturb the findings of fact made by the trial judge based upon the evidence taken before him. In *Spellman* v. *Freedman,* 7 N. Y. Supp. 698, in considering the effect of the general assignment act, it was said by BRADY, J.: "It was evidently the intention of the legislature that, if a general assignment for the benefit of creditors was contemplated, it should embrace the disposition of all the debtor's property at the time of the formation of the determination to make the assignment, and that it should not, in its broad and general effects, be anticipated by a partial and preferential distribution of his estate. The right to the preference, in other words, must be exercised in the assignment, and not otherwise." The same court, in deciding *Stein* v. *Levy,* 8 N. Y. Supp. 505, seems to have been divided as to the effect of that decision. A majority of the court, however, seems to be of the opinion that the assignment act "had no application to the case of a judgment and the execution levied thereunder, and related only to cases of general assignment; that the provisions of said act only applied to the confessions of judgment where they constituted a part and parcel of a scheme resulting in a general assignment, whereby all the debtor's property was devoted to the payment of his debts." See, also, *Berger* v. *Varrelmann, ante,* 641. In *Wilcox* v. *Payne,* 4 N. Y. Supp. 358, it was held that "judgments confessed immediately prior to a general assignment, although obnoxious to the statute, are not sufficient to render an assignment void." However, as there is no finding of fact in this case that the confessions of judgment "constituted a part and parcel of a scheme resulting in a general assignment whereby all the debtor's property was devoted to the payment of his debts," we are of the opinion that we need not consider and determine what acts, transfers, and liens created or judgments given by an assignor prior in point of time to the execution of a general assignment will be declared void, or will render an assignment subsequently made invalid.

2. We have looked at the several rulings made upon the trial to which exceptions were taken, and we are of the opinion that they present no such error as to warrant us in disturbing the findings of fact made. Judgment affirmed, with costs.

MARTIN, J., (*concurring.*)    As the court, upon sufficient evidence, has found that the judgments in question were not confessed or obtained in contemplation of making a general assignment, nor with any intent to evade the statute of 1887, and that the assignment was made in good faith, I am of the opinion that the confessions of judgment did not render the assignment void. As there were no other errors that would justify a reversal, I think the judgment should be affirmed.

MERWIN, J., concurs.