[No. 813. Decided June 20, 1893.]

## MOSES HYMAN et al., Appellants, v. A. L. BARMON et al., Respondents.

ASSIGNMENT FOR BENEFIT OF CREDITORS — PREFERENCE — NOTICE OF FRAUDULENT INTENT — ATTORNEY AND CLIENT.

Where a debtor in failing circumstances confesses judgment in favor of certain creditors, who have knowledge of his condition, after the intention to make an assignment had been fully formed in his mind, and follows the confessions of judgment with an assignment for the benefit of creditors, such judgment liens are voidable, and the assignee, or a receiver appointed by the court, is entitled to the possession of all the debtor's property for the purpose of making *pro rata* distribution among all the *bona fide* creditors.

A creditor is chargeable with the knowledge of his attorney that a debtor intends to make an assignment at the time he confesses judgment in favor of the creditor.

*Appeal from Superior Court, Spokane County.*

*Forster & Wakefield,* for appellants.

*Turner, Graves & McKinstry,* and *Jones, Voorhees & Stephens,* for respondents.

The opinion of the court was delivered by

STILES, J.— In several recent cases this court has construed the act of 1890, to secure to creditors the benefit of

estates of insolvent debtors, to be an insolvent law, and one of the principal reasons for that construction, as against the holding that it was a mere regulation of common law assignments, is that it contains a provision whereby a debtor may be absolutely discharged of all his debts.   For this reason, if for no other, many cases arising under statutory provisions similar to that in our law, which provide that every assignment for the benefit of creditors shall be void unless it be made for the benefit of all creditors alike, have no application, because they merely regulate the disposal of the debtor's property, but do not discharge him. *Cross v. Carstens* (Ohio), 31 N. E. Rep. 506.   Measured by this statute, wherever there has been an assignment in which the debtor has sought to bring himself within the provisions of this act, the first duty of the court, in cases like the present, is to determine whether there has been an assignment, and whether the conveyances previously made by the assignor to his creditors were made for the purpose of avoiding the requirement of this law that all his property be distributed ratably among his creditors.   Judged by this rule, and by the decision of this court in *Benham v. Ham*, 5 Wash. 128 (31 Pac. Rep. 459), which the respondents invoke in their behalf, we find it admitted that there has been an assignment, and we also find that the several confessions of judgment were made by Barmon after the intention had been fully formed in his mind to make an assignment, and for the purpose of preferring sundry creditors, several of whom were his immediate relatives.   It was testified that shortly before the judgments were confessed the respondent told a witness that if any of his creditors pushed him he should certainly make an assignment in order that all might share alike. Barmon does not deny this, and even if he did, his denial would have but very little weight with us since from the record in the case we find him to be a witness wholly un-

worthy of belief in any matter which is not an admission
against himself. · We shall not pursue the evidence further
upon this point.    There is abundance of it to establish a
very strong presumption that Barmon's intention in mak-
ing his statements to the attorney of appellants was simply
to gain time within which he could enable the creditors for
whom he confessed judgment to prefer themselves, and
follow the matter up with his voluntary assignment.

In this state of facts, following the leading authority
cited by the respondents themselves, *Preston v. Spaulding*,
120 Ill. 208 (10 N. E. Rep. 903), we think we are justified
in holding these judgment liens void, although admitting
that it is not clearly shown that the judgment creditors
had notice of the intended assignment.    When courts go
outside of the limits of a deed of assignment to bring in
property transferred before the date of the deed, it is upon
the theory that the law will not permit an insolvent debtor
who has determined to apply for the benefit of the act, by
subterfuge, to violate the positive provisions of the first
section, which denounces preferences.    In some jurisdic-
tions the statute has been so construed as to avoid both the
preferential conveyance and the assignment; but the better
rule, and the one we have adopted, is to let the beneficial,
lawful act stand, and avoid those which are unlawful.
Now, if it is unlawful for the debtor to contrive a fraudu-
lent scheme by which one creditor may be paid in full
and another be left to share in the depleted estate, it must
be unlawful for the creditors who are preferred to take
the benefit of his action.    Where no assignment is made
the debtor is not discharged from his other debts; and
where security is given without contemplation of an as-
signment, there is no contrivance or scheme to evade the
law, and therefore no violation of it.    But to hold that a
debtor owing fifteen thousand dollars of assets, may delib-
erately create a trust or charge upon ten thousand in favor

of that much of his indebtedness, and then, with the remaining five thousand, go into the superior court and be discharged from all further liability, would be to render this statute worthless.  The complete dominion of a debtor over his property continues so long as he is managing and disposing of it in good faith; but when he begins to deal fraudulently with it, creditors may seize it by attachment, or if he brings it within the reach of the courts by an assignment, equity will seize the whole of it, and avoid his fraudulent acts.  *Holt v. Bancroft*, 30 Ala. 193; *Preston v. Spaulding, supra; First National Bank v. Bard*, 13 N. Y. Supp. 688; *Abegg v. Schwab*, 7 N. Y. Supp. 46; *Backhaus v. Sleeper*, 66 Wis. 68 (27 N. W. Rep. 409); *Berry v. Cutts*, 42 Me. 445; *Sartwell v. North*, 144 Mass. 188 (10 N. E. Rep. 824).

It may be doubted whether those of Barmon's creditors who were not his relatives actually knew anything about his intention to make an assignment at the time they put their claims into the hands of their attorneys for prosecution, but the fact is that those attorneys had been the attorneys for Barmon, and were consulted by him in reference to his indebtedness to plaintiffs in this case when they were seeking to obtain from him a showing from his books as to his condition.  They knew that he could not pay his debts, and that he was being pressed on all sides.  In this condition of things six different claims all came into their hands about the same time for prosecution against Barmon. Suits were commenced, and without any solicitation on the part of the attorneys Barmon proposed to confess judgment in favor of each creditor.  Six entirely separate and independent creditors at the same time proceeded to the same law office, and directed suits to be commenced; and those suits were barely commenced when the debtor voluntarily proposed to confess judgments, which judgments were more than sufficient to cover every dollar's worth of

property which he had, and execution at once followed. While things were in this condition, the debtor, without any property whatever which was not already in the hands of the sheriff, employed other attorneys to prepare and file for him a general assignment. Three of the preferred creditors were relatives, one of them a sister, and two brothers-in-law. In addition to which the brother and father of the insolvent had been preferred by the delivery of specific property about the same time.

In *Kellogg v. Root*, 23 Fed. Rep. 525, it was held that when an insolvent, at his own instance and convenience, voluntarily gave some of his creditors security it was at once a suspicious circumstance, and if followed within a short time by an assignment, the conclusion would be justified, in the absence of other controlling circumstances, that both were contemplated, and should be deemed in law one transaction, and such securities held void.

The knowledge of attorneys in such a case is the knowledge of the clients. *Sartwell v. North, supra; Rogers v. Palmer*, 102 U. S. 263.

The judgment of the superior court was erroneous and must be reversed. The judgment of the court will be that the appellant recover the costs of this action from the respondents, and that the proceeds of Barmon's estate now in the hands of the receiver, after paying the costs of the receivership, be distributed *pro rata* among such of his *bona fide* creditors as may establish their claims to the satisfaction of the court. The assignee not having qualified makes this course proper. So ordered.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur.

SCOTT, J., concurs in the result.