Argued February 5; decided March 23, 1896.

29   173
a31 · 460
32    39

# O'CONNELL *v.* HANSEN.

[44 Pac. 387.]

1. GENERAL ASSIGNMENT — CONFESSION OF JUDGMENTS — PREFERENCE BY INSOLVENT.— A judgment confessed in pursuance of a demand for some security by a creditor who knows that the debtor is insolvent is not void as an unlawful preference, although the debtor intended at the time to make an assignment, where the creditor had no knowledge of such intention: *Sabin* v. *Columbia Fuel Company*, 25 Or. 15, and *Jolly* v. *Kyle*, 27 Or. 95, cited.

2. PREFERENCE BY INSOLVENT — VOID GENERAL ASSIGNMENT.— In view of section 3173 of Hill's Code, which provides that no general assignment shall be valid unless made for the benefit of all creditors, and that such assignment shall have the effect of discharging all attachments on which judgments shall not have been entered, an insolvent debtor cannot confess judgments in favor of certain junior attaching creditors, and then make an assignment the effect of which will be to dissolve the senior attachments. Such an assignment will be void, even though the junior attaching creditors did not know of his intention to assign, for its effect would be to prevent instead of accomplish an equitable distribution of the debtor's property. The assignment being void, the senior attachments will not thereby be discharged.

3. ASSIGNEE NOT A BONA FIDE PURCHASER.— An assignee for the benefit of creditors cannot claim as a *bona fide* purchaser, so as to prevent the assignment from being defeated by fraud on the part of the assignor.

APPEAL from Coos: J. C. FULLERTON, Judge.

This is a creditor's suit to set aside, as fraudulent and void, certain judgments confessed, and an alleged deed of general assignment executed by an insolvent debtor; to enjoin the sheriff from selling property seized under executions issued upon said judgments; and for the appointment of a receiver to dispose of the debtor's property. The material facts are that on September twenty-ninth, eighteen hundred and ninety-three, the plaintiff Eugene O'Connell, and on

the next day the plaintiff C. H. Merchant, as receiver of the Oakland Box and Barrel Manufacturing Company, a corporation, commenced actions against the defendant Eli Hansen to recover three hundred and ninety-eight dollars and eighty cents and eight hundred and seven dollars and ninety-four cents, respectively, and, having sued out writs of attachment in said actions, caused the uncompleted hull of a vessel, eight bales of oakum, two copper rods, and a set of rudder braces, the property of Hansen, then in Coos County, to be attached. Thereafter the defendants Victor Stauff, Victor Lachstrom, and Andrew Birch commenced actions against Hansen to recover one thousand seven hundred and thirty-nine dollars and seventy-five cents, five hundred and eighty-three dollars, and seventy-five dollars and twenty cents, respectively, and, as security for any judgments they might obtain, had the same property attached in each action. On November fifteenth, eighteen hundred and ninety-three, Hansen confessed judgments in favor of Stauff and Lachstrom, and on the day following in favor of Birch, for the amounts of their respective claims, and the property was, in each action, ordered to be sold to satisfy the several judgments, and, executions having been issued thereon, the defendant R. M. Weider, as sheriff of said county, on November seventeenth, levied the same upon said property, and advertised it for sale thereunder. On the next day Hansen executed to the defendant Z. T. Siglin a deed of general assignment, and the assignee having duly qualified, demanded, but failed to obtain, possession of the said property from the

sheriff.  On November twenty-fourth the plaintiffs commenced this suit, alleging in substance that the defendants entered into a conspiracy in pursuance of which  Hansen, after fraudulently confessing said judgments, unlawfully made the assignment to defeat the lien of their prior attachments; that Hansen's codefendants then well knew that he was insolvent, and that the judgments were confessed in contemplation of his insolvency, and pray for the relief hereinbefore stated.  A temporary injunction was granted, and a receiver appointed, who, by order of the court, sold the property so attached, which was all Hansen owned, realizing from such sale, over and above costs incident thereto, the sum of one thousand four hundred and seventy-two dollars and fifty cents.  The defendant Siglin answered separately, denying the material allegations of the complaint, and alleging that he accepted the trust without knowledge or notice of any intent upon the part of his codefendants to hinder, delay, or defraud Hansen's creditors.  The other defendants answered jointly, denying the material allegations of the complaint, and alleging that Hansen voluntarily confessed the said judgments.  The new matter contained in the answers having been put in issue, a referee was appointed, who took and reported the evidence, from which the court found that no conspiracy had been entered into between the defendants; that the judgments so confessed were for *bona fide* existing debts due from Hansen to the several plaintiffs therein, and therefore valid; but that the executions issued thereon were void, and should be enjoined; and de-

creed that the proceeds arising from the sale of the property should be paid by the receiver to the assignee to be by him applied,—*first*, to the payment of the costs and disbursements of the suit; *second*, to the costs and expenses of the assignee in the management of the insolvent's estate; *third*, to the costs and disbursements of the several actions; and, *fourth*, the residue, if any, to be distributed *pro rata* among the creditors who had obtained judgments against Hansen, or duly presented their claims for allowance to the assignee, from which decree the plaintiffs appeal.        REVERSED.

For appellants there was a brief and an oral argument by *Messrs. Joseph W. Bennett* and *John A. Gray*.

For respondents there was an oral argument by *Mr. John F. Hall*, with a brief by *Messrs. D. L. Watson, J. F. Hall*, and *J. M. Siglin*, urging these points:

Fraud is never presumed. The allegations must always be established by a preponderance of the evidence: *Kruse* v. *Prindle*, 8 Or. 158; *Weaver* v. *Owens*, 16 Or. 301; *Keel* v. *Levy*, 19 Or. 450; *Wimer* v. *Smith*, 22 Or. 469; *Bernheimer* v. *Rindeskoff*, 116 N. Y. 462 (15 Am. St. Rep. 414).

In order to set aside an assignment for fraud or illegality it must be shown that both the assignor and assignee participated in the fraud: *Kruse* v. *Prindle*, 8 Or. 158; *Farrel* v. *Farnen*, 67 Md. 76;

*State* v. *Alder*, 97 Mo. 413; *Moody* v. *Carrol*, 10 Am. St. Rep. 735, note, page 739.

Property once assigned is in the custody of the court: *Sabin* v. *Lebenbaum*, 26 Or. 420; *Hyman* v. *Barmon*, 33 Pac. 1076.

An assignment for the benefit of creditors when fully perfected cannot be set aside at the suit of an attaching or execution creditor by proof of unlawful preference or any fraud in the matter of assignment: *Wolf* v. *Slosson*, 83 Mich. 543 (21 Am. St. Rep. 613).

An assignee of an estate of an insolvent debtor is a trustee of such estate for the creditors thereof, and as such may attack the validity of a judgment confessed by his assignor and contest * * * the claim of a defective mortgage: *Nichols* v. *Kribs*, 10 Wis. 79; *Jacobs* v. *Ervin*, 9 Or. 52; *Rogers* v. *Palmer*, 102 U. S. 263; *Little* v. *Alexander*, 88 U. S. 500.

Opinion by Mr. Justice Moore.

It is contended by the plaintiffs that Hansen confessed the judgments and made the assignment in pursuance of an agreement entered into with his codefendants to hinder, delay, and defraud his creditors, and that the assignment and confessions, being parts of one transaction, necessarily rendered each void; while the defendants, denying the existence of such an agreement, admit, in the argument, that the executions issued upon these judgments were void, but maintain that in equity the court should treat the assignment as valid, and decree a ratable distri-

bution of the insolvent debtor's estate among his several creditors. Section 3173, Hill's Code, provides that "No general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors shall be valid unless it be made for the benefit of all his creditors in proportion to the amount of their respective claims. And such assignment shall have the effect to discharge any and all attachments on which judgment shall not have been taken at the date of such assignment." This section of the statute impliedly prohibits preference among creditors by an insolvent debtor, but if Hansen's method of securing his favored creditors can be upheld, it will be seen that the effect would be to discharge the liens of plaintiffs' attachments; and the judgments, executions, and levy being prior to the assignment, the preferred creditors would thereby obtain an undue advantage, thus accomplishing the very object which the statute was designed to prevent. If the judgments so confessed are valid, the executions issued thereon must be effectual also, and the levy made by virtue thereof created a lien for an aggregate amount more than sufficient to absorb all the debtor's property; and, this being so, there would remain no estate upon which the assignment could operate.

1. The first question for consideration is whether the judgments are valid. The evidence shows that the preferred creditors attended a meeting at which Hansen explained the condition of his assets and liabilities. They therefore knew he was insolvent

when the judgments were confessed, but this knowledge does not necessarily vitiate the debtor's preferences so long as he, in good faith, continued to exercise dominion over his property. The right to prefer a creditor implies a corresponding right to accept the property of the debtor in discharge of or as security for the payment of a *bona fide* debt; and so long as the creditor acts in good faith his acceptance will be upheld, although he may know that the debtor is insolvent: *Sabin* v. *Columbia Fuel Company*, 25 Or. 15 (42 Am. St. Rep. 756, 34 Pac. 692); *Jolly* v. *Kyle*, 27 Or. 95 (39 Pac. 999). One of the modes of preferring a creditor, recognized by the common law, and not impaired by statute, was a confession of judgment, by means of which the debtor created a lien upon his property in favor of a creditor: *Holt* v. *Bancroft*, 30 Ala. 193. The right to confess a judgment and to accept the lien created thereby must therefore be regarded as settled; but the debtor cannot, in contemplation of insolvency, prefer certain creditors by giving them the fruit of his property, and assigning the husks to others less favored. There is but little doubt that Hansen contemplated making the assignment when he confessed these judgments, but it does not appear that his preferred creditors were aware of his intention in that respect. Hansen testifies that he made no agreement with either of his creditors to confess a judgment in his favor, but that he promised the laborers who worked on the vessel he would give them some kind of security, and he wanted to do so; that he did not consult an attorney about mak-

ing an assignment, but thought by doing so he was placing his property in such a condition as to enable each creditor to obtain his *pro rata* share, and that by confessing the judgments he was giving to the laborers the privilege of holding a judgment over him after they had obtained an equitable share of his property; and the reason he assigns for the course adopted is that the plaintiffs' claims were for material used in the vessel, and as there was a small profit in business, but none in labor, he desired to prefer the latter class of his creditors, and that he did not confess judgment in favor of the plaintiffs because their demands were not correct. This evidence manifests an intention on the part of the debtor to prefer one class of his creditors to the exclusion of the other, and, while it is alleged in the answers that the judgments were voluntarily confessed, the facts show that he had promised to secure the laborers and wanted to do so, and that each creditor so preferred, by his attorney, duly accepted the judgment when confessed, and caused execution to be issued thereon. The assent of a creditor or his attorney is necessary to give validity to a confession of a judgment, (section 250, Hill's Code,) and the fact that each creditor was represented by an attorney, who accepted the judgments when confessed, negatives the allegation contained in the answer, and creates the inference that they were confessed in pursuance of a demand for, and promise on the part of Hansen to give, some security. Had the creditors known when they accepted the confessions that Hansen intended to make an

assignment, their judgments would have been void; but, while fraud may be inferred from the proof of certain facts, it will not be presumed, and, having valid claims against the debtor, and there being no proof of their knowledge of his intentions, they had the right to demand and accept the security he gave. The judgments and executions issued thereon were therefore valid, and the debtor's property having been levied upon under said executions, a lien was created thereby which could not be defeated by his subsequent assignment.

2. The next question for consideration is whether the assignment is void. When the intent to make an assignment has been formed in the debtor's mind, his dominion over his property ought to terminate, and equity, regarding that as done which was intended, should enforce the trust for the equal benefit of all his creditors, and prevent him from creating a preference in favor of any one; but if he makes a preference after having formed such an intention, this, under our statute, will render the assignment void. We think it is manifest that Hansen, upon the attachment of his property, formed an intention to make an assignment. He, as a creditor, had a similar experience in San Francisco, and from it thought that by preferring the laborers' claims all his creditors would obtain an equitable distribution of his property. The lower court found in substance that Hansen, in preferring the creditors in whose favor he confessed judgments, had no intention of hindering, delaying, or defraud-

ing the plaintiffs, and this finding, we think, is supported by the evidence; but the effect of such preferences was to delay the plaintiffs, notwithstanding his intentions, thus rendering the transaction a fraud in law. The assignment law is intended to be remedial in its operation, and as such should be liberally construed in the interest of the creditors. In several states it is enacted that all preferences in an assignment, or as a part of it, shall be void, and the assignment upheld upon the theory of the greatest good to the greatest number. In *Hyman* v. *Barmon*, 6 Wash. 516, (33 Pac. 1076,) the supreme court of Washington, in the absence of a statute to that effect, set aside judgments voluntarily confessed, which were fraudulent in fact, and upheld the assignment. STILES, J., in rendering the decision, said: "In some jurisdictions the statute has been so construed as to avoid both the preferential conveyance and the assignment; but the better rule, and the one we have adopted, is to let the beneficial, lawful act stand, and avoid those which are unlawful." It must be admitted that the rule announced in this case is just and equitable, and ought to be applied in all cases, if possible, but we do not think it can be invoked under a statute like ours: *Hahn* v. *Salmon*, 10 Sawy. 183 (20 Fed. 801); *Stout* v. *Watson*, 19 Or. 251 (24 Pac. 230). It is true the judgments and assignment, so far as Hansen is concerned, are, in contemplation of law, to be deemed parts of one transaction, but it does not always follow that because the assignment is invalid the preferences are void. The solution of that question de-

pends upon whether the unlawful act is void in law,
or void in fact. The rule seems to be that when
that which is valid can be separated from that
which is invalid without destroying the general in-
tent, the maxin, "Void in part, void *in toto*," does
not necessarily apply, and the instrument may be
sustained notwithstanding the invalidity of a partic-
ular provision: *Peters* v. *Bain,* 133 U. S. 670 (10
Sup. Ct. 354). "Actual fraud or fraud in fact," says
Sharswood, J., in *McKibbin* v. *Martin,* 64 Pa. St.
352, (3 Am. Rep. 588,) "consists in the intention to
prevent creditors from receiving their just debts by
an act which withdraws the property of the debtor
from their reach. Fraud in law consists in acts
which, though not fraudulently intended, yet, as
their tendency is to defraud creditors if they vest
the property of the debtor in his grantee, are void
for legal fraud, which is deemed tantamount to
actual fraud, full evidence of fraud, and fraudulent
in themselves, the policy of the law making the
acts illegal." The assignment being void in law
only, and the judgment confessions lawful, it follows
that the latter may be upheld while the former is
annulled. The statute of 13 Elizabeth, chapter V,
has been reënacted in this state, (section 3059, Hill's
Code), and, while the effect of an assignment may
be within the letter of the act, it is not within the
spirit of it, provided the transaction is only such
as results from turning over the debtor's property
in good faith to be applied to the satisfaction of his
debts: *Hoffman* v. *Mackall,* 64 Am. Dec. 637; *Bald-
win* v. *Peet,* 75 Am. Dec. 806. But when the as-

signment is fraudulently made, the statute applies and renders the assignment void: *Knight* v. *Facker,* 72 Am. Dec. 388.

3.  The evidence clearly shows that the assignee had no knowledge or notice that the assignment was void, but, being a mere trustee for the benefit of all the creditors, and having paid no consideration for the alleged transfer, his lack of knowledge or want of notice will not render him an innocent purchaser, or give validity to the instrument, if it was fraudulently executed: Burrill on Assignments (6th ed.), 482; Bishop on Insolvent Debtors (3d ed.), 268. It follows that the decree of the circuit court must be reversed, and one here entered directing the receiver to deposit the proceeds of the sale of the attached property with the clerk of said court, to be applied in discharge of the judgments entered in favor of the plaintiffs and defendants in the order of the priority of their attachments.

Reversed.