JOHN E. BASCOM, Assignee and Interpleader, Respondent, v. CHARLES C. RAINWATER *et al.,* Appellants.

30  483,
128m 488

Kansas City Court of Appeals, April 23, 1888.

1. CONTRACT—CONSTRUCTION OF—DISTINCTION BETWEEN CHATTEL MORTGAGE AND DEED OF ASSIGNMENT.—The principal difference between a chattel mortgage and a deed of assignment is, that a deed of assignment is an absolute alienation of the property by the grantor, in trust, to raise a fund for the purpose of paying the debts of the assignor, and there is no equity of redemption in the assignor ; while in the case of a mortgage, the conveyance is in trust for the purpose of securing a debt, subject to a condition of defeasance. In the first case, the trustee takes the property immediately to sell, etc.; in the other case, in the absence of a provision to the contrary in the deed, the possession remains with the mortgageor until condition broken, with the right of redemption intact until foreclosure.

2. ———— WHAT WORDS CONSTITUTE MORTGAGE.—No particular form of words is necessary to the construction of a mortgage, so it appears that the conveyance in fact was made to secure the payment of the debt expressed, with the right of the mortgageor to redeem by discharging the debt before sale under the deed.

3. ———— ———— CASE ADJUDGED.—A deed containing some of the provisions of a chattel mortgage (as in this case) and others which are of a peculiar character, as the authorizing of immediate sale for certain purposes (a provision indicating an abandonment of the right of redemption); and providing for the payment of the grantee's debt in full and the surplus to other creditors *pro rata,* cannot be upheld as a chattel mortgage against the plain provisions of the statute concerning voluntary assignments, notwithstanding it be settled law that a debtor in insolvent circumstances has the right to prefer one creditor to another. The instrument must be either a mortgage or assignment ; it cannot be both.

4. ———— ———— ASSIGNMENTS, HOW REGARDED IN LAW.—If the effect of a deed constitutes it an assignment for the benefit of creditors generally, it is not fraudulent as to creditors. The law favors such assignments, as they operate for the protection and equality of all the creditors. (*Douglass v. Cissna,* 17 Mo. App. 44).

APPEAL from Lafayette Circuit Court, HON. RICHARD FIELD, Judge.

*Affirmed.*

Statement of case by the court.

The respondents began suit by attachment against Christian W. Grau, in which certain goods, wares, and merchandise and other property, were attached as the property of said Grau. The plaintiff, claiming to be the assignee of said Grau under a deed of assignment, interpleaded, claiming the property so seized as such assignee. The instrument under which the plaintiff claims title is as follows: "Know all men by these presents, that the undersigned, C. W. Grau, of Corder, Lafayette county, Missouri, in consideration of the sum of two thousand ($2,000) dollars to him paid by Sam A. May, agent, of St. Louis, Missouri, sell, assign, set over and transfer unto the said Sam A. May, agent, his executors, administrators, and assigns, the following described goods, wares, merchandise, groceries, dry goods, etc., to-wit, being the general stock of merchandise now being and situated in a certain frame building in the town of Corder, Lafayette county, Missouri, and known as Grau's store and occupied by said Grau in carrying on a general country store, together with all furniture, fixtures, safe, etc., and all and singular the stock of whatsoever kind located as above mentioned and described. Upon condition that if he pay to said Sam A. May, agent, his executors, administrators, and assigns, two thousand dollars, as indicated by his four promissory notes, being dated November 3, '86, November 12, '86, November 18, '86, and November 19, '86, respectively, each for five hundred dollars, due and payable thirty days after date, with interest at eight per cent. from date, then this conveyance shall be void, otherwise to remain in full force and effect, and in case default be made in the payment of the debt above mentioned or any part thereof, or of the interest due thereon, on any day when the same ought to be paid, then the whole sum shall, at the election of the said Sam A.

May, agent, become immediately due and payable. One of said notes now being due and payable, and realizing my utter inability to pay same, I hereby convey and assign to said May, agent, as aforesaid, all the property, goods, wares, etc., herein mentioned and described, and surrender immediate possession to said May, agent, as aforesaid, the said ——, or —— legal representative, may take the said property or any part thereof into possession.

"Upon taking possession of, said property or any part thereof, either in case of default or as above provided, the said Sam A. May, agent, or his legal representatives may proceed to sell the same, or any part thereof, at public auction, to the highest bidder for cash, or at private sale if the interests and rights of interested parties is thereby subserved, in the town of Corder, state of Missouri, having first given —— days public notice of the time, terms, and place of sale and property to be sold, by ——.

"I fully exonerate and hold Sam A. May, agent, legal representatives and assigns, harmless for any claim for trespass on account of entering said or any premises where said personal property may be, or taking and causing to be taken, the property herein mentioned. I further agree to protect said Sam A. May, agent, or assigns from any landlord's claim while engaged in the disposal of said goods.

"After said debt and interest, together with all necessary costs, charges, and expenses incurred by said Sam A. May, agent, or assigns, have been paid and satisfied in full out of the proceeds of such sale, he or they shall pay over the surplus if any to creditors of said Grau, *pro rata*, or their legal representatives.

"In witness whereof, I have hereunto set my hand and seal, this third day of December, 1886."

May, the grantee named in said deed, claiming that the instrument was a chattel mortgage and not a deed of assignment, refused to qualify as assignee under the statute. Thereupon, on petition of certain creditors of

Grau, the circuit court appointed the interpleader Bascom assignee, who qualified as such. May, the beneficiary under the deed, had in the meantime taken possession of the property under the deed.

Prior to the order of the circut court removing May and appointing Bascom as assignee, the appellants herein instituted suit by attachment, and seized the goods thereunder, which have since been sold by the sheriff under orders of the circuit court, who now holds the proceeds subject to this litigation.

Under the instructions given by the court, declaring, in effect, the instrument in question to be a deed of assignment, the jury found the issues for the interpleader. To reverse the judgment entered thereon the attaching creditors prosecute this appeal.

E. F. KEYTON and G. M. SEBREE, with J. D. SHEWALTER, for the appellants.

I. The instrument was a conveyance in trust for the purpose of securing a debt, subject to a condition of defeasance ; and, therefore, was a chattel mortgage, and not an assignment, *Crow v. Beardsley*, 68 Mo. 435; Burrill on Assignments [5 Ed.] sec. 312 ; *Sampson v. Shaw*, 19 Mo. App. 274. The distinguishing features are that a mortgage is a security for a debt, while an assignment is an absolute appropriation of the property.

II. An assignment made with intent to hinder, delay, or defraud creditors is void, provided the grantee, or assignee, or the beneficiary, is aware of such fraudulent intent and coöperates therein. There is no analogy between such conveyance and the case where some of the debts are merely fictitious, in which latter case the conveyance is inoperative only in so far as relates to such fictitious debts. *Crow v. Beardsley*, 68 Mo. 435 ; *State to use v. Benoist*, 37 Mo. 500, 515, 516 ; *Burrows v. Allen*, 7 Mo. 424 ; *Goodwin v. Kerr*, 80 Mo. 276 ; Bump on Fraud. Con. [3 Ed.] 359. And in *Adler v. Lange*, 21 Mo. App. 516, it is expressly held that fraud of the parties vitiates an assignment. "These facts might

have been properly submitted under appropriate instructions, as some evidence tending to show that the assignment was fraudulent in its inception." Burrill on Assignments, sec. 338, p. 530.

III. Any conveyance made with the intent to hinder or delay or defraud, or so as to hinder, etc., is void. It is the intent of the parties to the conveyance, not the legal effect of the instrument that avoids the same. If executed *bona fide*, it is valid, though its effect is to hinder or delay and *vice versa*. Hence the court's holding (as insisted by respondent) that, as the legal effect of a deed of assignment was to put all creditors on an equal footing, the instrument was valid, though executed with a fraudulent intent, is erroneous. *Burgert v. Borchert*, 59 Mo. 80.

IV. The instrument, if an assignment, and not a mortgage, was void on its face and should have been so held. An assignment clothing the assignee with discretionary powers and the power of sale, as herein, renders the assignment void on the suit of an attaching creditor. *Bank v. Hughes*, 10 Mo. App. 7, 14 ; 52 Md. 211 ; 74 Ala. 598 ; 12 Wis. 391 ; 2 Black (U. S.) 532.

V. Subsequent acts of the parties are competent, not as invalidating the instrument, if valid in its inception, but for the purpose of showing the intent with which it was executed. *Adler v. Lange*, 21 Mo. App. 516.

VI. The original assignee or mortgagee, being in court, the failure of respondent to call him and explain the charge of fraud raised by the pleadings is most unfavorably construed against him.

WALLACE & CHILES, for the respondent.

I. There was no error in the court below, in admitting in evidence the said instrument of writing executed by Christian W. Grau, to Sam A. May, dated December 3, 1886, and recorded December 4, 1886, conveying said goods, wares, and merchandise for the benefit of his creditors. Such instrument of writing, with the order

of court appointing interpleader as assignee thereunder, constitute the title of interpleader to such goods and personal property. And such deed was properly admitted in evidence ; it was a link in interpleader's title, its effect to be passed upon by the court, by instructions, or in its decisions. Rev. Stat. 1879, chap. 5, sec. 354, as amended by act of March 7, 1885 ; Session Acts 1885, p. 30.

II. There was no error in the court below in giving the declarations of law numbered one, two, and four, on the part of the interpleader. They were warranted by the evidence and are a correct and just exposition of the law in this case. Rev. Stat. 1879, chap. 5, sec. 354, *supra* ; *Douglas v. Cissna*, 17 Mo. App. 43 ; *Gates v. Lebeaume*, 19 Mo. 17. Debts due to the creditors of a debtor "constitute a valuable consideration," for a deed of assignment. And " the obligation of the trustee to perform the trust," under the deed, "is a sufficient consideration for him." And so, " the fact that the assignee was a creditor, as appears on the face of the assignment."

III. There was no error in refusing the instructions asked for by plaintiff in attachment. There was no evidence to authorize the court in giving such declarations of law in this case. Even if May sought, with the concurrence of Grau, to get a preference for his debt in the deed over other creditors ( as Rainwater, Boogher & Company are seeking to get by attachment in this case), such preference, being void in law, would not invalidate the assignment as to the other creditors. The other beneficiaries and creditors would have to be guilty of fraud, in order to avoid the deed as to them. *Brashear v. West*, 7 Pet. [ U. S. ] 608. "Creditors have an equitable claim on all the property of their debtor ; and it is his duty, as well as his right, to devote the whole of it to the satisfaction of their claims. The exercise of this right, by the honest performance of a duty, cannot be deemed a fraud." *State to use v. Keeler*, 49 Mo. 548.

IV. The authorities cited in the brief of Rainwater, Boogher & Company, when properly understood and applied, do not militate against the position of interpleader nor the authorities above cited by him. *State v. Benoist*, 37 Mo. 500, is, in the main, favorable to interpleader. "It is quite apparent that this assignment was made without reference to the assignment act; but that alone will not render it fraudulent or void." The cases of *Adler v. Lange*, and *State to use v. Adler*, 21 Mo. App. 516, we compound. Two cases tried together—one on attachment of a creditor against a fraudulent debtor alone, such as is referred to by Adams, J., in *State to use v. Keeler*, 49 Mo. 551; and the other on the attachment bond by the assignee against Adler; and the questions which the court say might have been submitted under proper instructions, were as to "visible change of the possession of the goods" under the statute; and as to whether the "assignment was fraudulent because the assignee disposed of part of the property prior to making an inventory, and without the court's order." A question of legal, or constructive, not of actual, fraud. But this case is neither later, nor superior, to *Douglass v. Cissna*, 17 Mo. App. 44, above cited, which is direct on the points involved. In case of *Bank v. Hughes*, 10 Mo. App. 7, 14, the question was as to whether the deeds were void on their face, as matter of law, and not as to fraud in fact.

V. Appellants have not made or filed copies of an "abstract or abridgment of the record" in this cause, as required by rule fifteen of this court. Their abstract contains no "abstract or abridgment" of the pleadings, interplea, answer, or reply, and no "abstract or abridgment" of the record of the evidence introduced by the interpleader.

VI. We respectfully submit that there was no error by the court below, materially affecting the merits of the action; that the judgment below was for the right party, and should be affirmed.

Philips, P. J.—I. The controlling question for determination on this record is, whether the deed from Grau to May is a chattel mortgage, or deed of assignment. We have had occasion in two recent cases (*Smith & Keating Imp. Co. v. Thurman*, 29 Mo. App. 186, and *Mills v. Williams*, not yet reported), to consider the distinction between a chattel mortgage and deed of assignment. Without again going into detail, we will state that the principal difference is, that a deed of assignment is an absolute alienation of the property by the grantor in trust to raise a fund for the purpose of paying the debts of the assignor. Under such deed the trustee takes the property immediately, to sell at all events to create the fund to discharge the trust. There is no equity of redemption in the assignor. The alienation as to him is complete. By operation of law his only interest is in any surplus remaining after satisfying fully the purposes of the trust. A mortgage, or deed of trust in the nature of a mortgage, is a conveyance in trust for the purpose of securing a debt, subject to a condition of defeasance. The title to the property remains in the mortgageor until condition broken, and he has the equity of redemption until foreclosure. The possession, in the absence of a provision to the contrary in the deed, remains with the mortgageor until condition broken, or it may pass at once to the mortgagee, if so provided in the deed, with the right of redemption intact until foreclosure.

No particular form of words is necessary in the construction of the mortgage; so it appears that the conveyance in fact was made to secure the payment of the debt expressed, with the right of the mortgageor to redeem by discharging the debt before sale under the deed. *Gage v. Cheeseboro*, 49 Wis. 491-2; *Cooper v. Brock*, 41 Mich. 490.

II. Looking at the first part of the deed under consideration there could no debatable question arise but that it contains the essential qualities of a chattel

mortgage.    There is the debt of the grantor as the consideration of the conveyance ; and the defeasance, or right of redemption.    This right of redemption must remain, with operative force, unless the subsequent part of the deed, or the instrument taken in its entirety, contains other provisions incompatible with this right, or wholly repugnant to its exercise.

The subsequent provisions of this deed are very peculiar; and, aside from what the evidence affirmatively shows, bears evidence on its face of the fact that the scrivener used a printed form of a chattel mortgage in expressing, or attempting to carry out, the design of so framing the instrument as, while giving May a preference as to his debt, to secure the whole residue of the property to other creditors of the debtor, *pari passu*. So after utilizing the fore-part of the printed form, with the usual characteristics of a chattel mortgage, leaving the right of immediate possession and sale of the property to the operation of common-law principles, he added in ink the following words :   "One of said notes now being due and payable, and realizing my utter inability to pay same, hereby convey and assign to said May, agent, as aforesaid, all the property, goods, wares, etc., herein mentioned and described, and surrender immediate possession to said May."    Then follows the provision authorizing said May "upon taking possession, either in case of default, *or as above provided*", to proceed to sell "at public auction, to the highest bidder for cash, or at private sale, if the interests and rights of interested parties is thereby subserved."

This was a virtual admission of insolvency on the part of the grantor, and an immediate surrender of the possession of the property, and indicated an abandonment, on account of his utter inability to redeem, of the right of redemption.    And while I should hesitate to hold, if the deed contained nothing more, that if the grantor had the next day, and before the goods were sold, tendered to May the payment of the debt, he could not have reclaimed

the property conveyed ; yet there follows another provision which indicates that the purpose was to place the whole property in the hands of May, as trustee, to raise a fund to pay on all the debts of the grantor.  The conclusion of the deed is:  " After said debt and interest, together with all necessary costs, charges, and expenses incurred by said May  *  *  *  have been paid and satisfied in full out of proceeds of such sale he  *  *  * shall pay over any surplus to creditors of said Grau, *pro rata*, or their legal representatives."

This is an unusual provision in a chattel mortgage, and is one which I do not believe can be upheld against the plain policy and provisions of the statute concerning voluntary assignments.

III.   We make no question of the well-settled law in this jurisdiction, that a debtor, in insolvent circumstances, has the right to prefer one creditor to another. The mortgageor after executing a mortgage providing for the security of a single creditor, may on the same day execute a general assignment for the benefit of all his creditors, and the mortgage will be upheld, if otherwise made in good faith, to secure a *bona-fide* indebtedness. The assignee in such case will take the residue of the estate after satisfying the mortgage debt.  *Sampson v. Shaw*, 19 Mo. App. 274.

But I find no authority for the proposition that the insolvent debtor may in one and the same instrument create a preference by way of mortgage in favor of one creditor, and then provide for an unconditional distribution by the beneficiary under the mortgage of the whole residue of the property conveyed, among his other creditors, *pro rata ;* and that, too, without naming such other creditors.   The instrument must be either a mortgage or assignment—a deed of trust to secure debts, or a trust deed to raise a fund to pay debts.   It cannot be both.   If it is to operate to distribute any part of the property conveyed among all the creditors, the statute steps in and declares that the whole property conveyed

shall enure to the benefit of all the creditors alike, *pari passu.* There can be no distinction or discrimination. The statute says: "Every voluntary assignment of lands, chattels, etc., made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor in proportion to their respective claims ; *and every provision in any assignment providing for the payment of one debt or liability in preference to another, shall be void,* and all debts and liabilities  *  *  * shall be paid *pro rata* from the assets thereof." Laws of Mo. 1885, p. 30.

The effect of the deed in question is certainly to pay first and in full the debt of May. The surplus remaining is to be divided ratably by May among all the other creditors of Grau. This surplus is not to revert to Grau, as is usual in deeds of mortgage, and thereby be left in a situation to be reached by process at the suit of any vigilant creditor ; but the same is locked up by an express trust, to be administered by a trustee who is the named preferred creditor. None of the other creditors are named. How is the trustee May to ascertain who they are? And how is he to pass upon the claims of these unnamed and unknown creditors when they present them for allowance? Is he to assume the functions of a *quasi*-domestic court and pass upon those claims, subject to review by the courts? Or is he to ask a court of equity to aid and protect him in his office? In other words can a debtor, outside and in despite of the statutory provisions governing and regulating deeds of assignment, appoint his own assignee, to proceed without giving bond, or being subject to the immediate supervision and control of the circuit court of the county where the deed is recorded, as provided by statute? If he can the statute is a dead letter.

I am of opinion that no such compound form of conveyance, or jangled words and terms, as found in this deed, can evade the manifest policy of the statute.

IV. Our conclusion is, that the circuit court was

right in holding the instrument to be a deed of assignment, and that the property conveyed should be administered and distributed under· the statute concerning voluntary assignments.

V.    Respecting the questions of fraud raised by the attaching creditors, we fail to find any evidence in this record which would have justified a verdict finding such fraud.    On this issue we adhere to the ruling in *Douglass v. Cissna*, 17 Mo. App. 44.    There is no evidence that the creditors who will share under the deed of assignment did any act or uttered one word in the remotest degree indicative of fraud.    And had the jury on the evidence found any such fact, it would have been the plain duty of the trial court to set the verdict aside.

The other judges concurring, the judgment of the circuit court is affirmed.