THE WAGGONER–GATES MILLING COMPANY v. THE ZIEGLER–ZAISS COMMISSION COMPANY et al., *Appellants.*

Division Two, May 21, 1895.

1. **Insolvent Corporation**: PREFERENCE: ASSIGNMENT. An insolvent corporation, having possession and control of its property, may, in the absence of fraud or statutory restriction, prefer a *bona fide* creditor by a deed of trust on its property, and the execution of a general assignment of the same property immediately thereafter, and on the same day, will not invalidate the preference.

2. ———: ———. *Bona fide* creditors of such corporation, who are not stockholders or directors therein, are not precluded from taking security for their claims, though the notes held by them against the corporation were also indorsed by some of the directors individually.

| 128 | 473 |
| 130 | 195 |
| 131 | 287 |

| 128 | 473 |
| 133 | 498 |

| 128 | 473 |
| 68a | 556 |

| 128 | 473 |
| 138 | 94 |
| 139 | 376 |

| 128 | 473 |
| 149 | 206 |

| 128 | 473 |
| 93a | 1596 |

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED IN PART 'AND REVERSED IN PART.

*Warner, Dean, Gibson & McLeod* for appellant The American National Bank.

(1) A debtor, though in failing circumstances, may prefer one creditor over another. *Hargadine v. Henderson*, 97 Mo. 375; *Sampson v. Shaw*, 19 Mo. App. 274; *Hard v. Foster*, 98 Mo. 279; *Sellers v. Bailey*, 29 Mo. App. 174. This proposition is so well settled in this state that it is unnecessary to make any extended citation of authorities in support of it. (2) A creditor of a corporation has the same right to secure and retain a preference for his claim against a private corporation that he would have, were his debtor an individual engaged in the same line of business. *Alberger v. Bank*, 123 Mo. 313; *St. Louis v. Alexander*, 23 Mo. 524; *Kitchen v. Company*, 69 Mo. 254; *Foster v. Planing Mill Co.*, 92 Mo. 87; *La Grange, etc., Co. v. Bank*, 122 Mo. 154. (3) The fact that after executing a mortgage giving a preference to a particular creditor, the debtor, on the same day, makes a general assignment of the balance of his property for the equal benefit of all his creditors does not affect the validity of the preference. *Alberger v. Bank*, 123 Mo. 313; *Sampson v. Shaw*, 19 Mo. App. 274; *Bascom v. Rainwater*, 30 Mo. App. 483; *Rosenthal v. Frank*, 37 Mo. App. 272; *Brown v. Foster*, 2 Metc. 152; *Fairbanks v. Haines*, 23 Pick. 323; *Co. v. Mehl*, 33 N. E. Rep. (Ind.) 773; *Gilbert v. McCorkle*, 11 N. E. Rep. (Ind.) 296; *Cross v. Carstens*, 31 N. E. Rep. (Ohio) 506; *Whipple v. Stebbins*, 35 N. W. Rep. (Mich.) 94;

*Nelson v. Gary*, 19 N. W. Rep. (Neb.) 630; *Bates v. Coe*, 10 Conn. 280.

*C. W. Chase* for appellants Clara Zaiss, The Ziegler–Zaiss Commission Company and A. Schieferle.

(1) The petition did not state a cause of action. *Sanger v. Flow*, 48 Fed. Rep. 152; *State to use v. Keeler*, 49 Mo. 548; *Manning v. Beck*, 29 N. E. Rep. 90; *Shelley v. Boothe*, 73 Mo. 74; *Williams v. Society*, 1 Ohio St. 478; *Jones v. Co.*, 39 Ga. 138; *Armstrong v. Sanford*, 7 Minn. 49. (2) It was error to admit any evidence at all, on account of the petitions not stating a cause of action. All of last above authorities. (3) A corporation has a right to prefer its creditors. *La Grange, etc., Co. v. Bank*, 122 Mo. 154; *Foster v. Planing Mill Co.*, 92 Mo. 79; *Sampson v. Shaw*, 19 Mo. App. 274; *Hargadine v. Henderson*, 97 Mo. 375; *Larrabee v. Bank*, 114 Mo. 592; *Bank v. Bank*, 136 U. S. 223; *Rosenthal v. Frank*, 37 Mo. App. 272; *Manhattan v. Co.*, 37 Mo. App. 145. (4) In the case at bar, the execution of the chattel mortgages and the execution of the assignment were separate and distinct transactions. Recording deed is delivery. *Lumber Co. v. Anderson*, 13 Mo. App. 429; *Kane v. McCowen*, 55 Mo. 181; *Devorse v. Snyder*, 60 Mo. 235; *Turner v. Carpenter*, 83 Mo. 333; *Boyle v. Boyle*, 6 Mo. App. 594; *Hammerslough v. Cheatham*, 84 Mo. 13. Assignment and mortgages not simultaneously executed. *Sampson v. Shaw*, 19 Mo. App. 274; *Bates v. Coe*, 10 Conn. 280; *Brown v. Foster*, 2 Metc. (Mass.) 152; *Henshaw v. Summer*, 23 Pick. 446; *Cornell v. Todd*, 2 Denio, 130; *Cross v. Carstens*, 31 N. E. Rep. (Ohio) 506; *Brown v. Williams*, 51 N. W. Rep. (Neb.) 851; *Manning v. Beck*, 29 N. E. Rep. 90; *Co. v. Mehl*, 33 N. E. Rep. 773; *Bascom v. Rainwater*, 30 Mo. App. 490. (5) In the case at bar,

the mortgages were not executed for the purpose of hindering, delaying, or defrauding creditors. *Sampson v. Shaw*, 19 Mo. App. 274; *Co. v. Mehl, supra; Hard v. Foster*, 98 Mo. 297; *Brown v. Banking Co.*, 54 N. W. Rep. 671; *Cross v. Costens*, 31 N. E. Rep. (Ohio) 506; *Brown v. Williams*, 51 N. W. Rep. (Neb.) 851; *Kaufman v. Schnieder*, 35 Ill. App. 256; *Manning v. Beck*, 29 N. E. Rep. 90; *Sanger v. Flow, supra; Shelley v. Boothe, supra.* (6) Section 424, of Revised Statutes of Missouri, 1889, makes preferences of creditors void only when such preferences are made in the deed of assignment itself. *Douglass v. Cissna*, 17 Mo. App. 44; *Sampson v. Shaw, supra; Brown v. Foster, supra; Bates v. Coe, supra.*

*J. B. Hamner* and *Shelley Grover* for appellant B. F. Coombs & Bro. Commission Company.

(1) Upon the facts found by the court, the judgment should have been for the defendant, B. F. Coombs & Brother Commission Company, instead of for the plaintiff, if a corporation can prefer creditors. *First.* A corporation may pay or secure some of its creditors in preference to others, although it is insolvent at the time of making such preference. *La Grange, etc., Co. v. Bank*, 122 Mo. 154; *Foster v. Planing Mill Co.*, 92 Mo. 79. *Second.* And this is true, even though such preference may hinder and delay other creditors, provided the preference is a *bona fide* transaction. *Foster v. Planing Mill Co., supra.* (2) In the case at bar the execution of the two chattel mortgages and the deed of assignment were separate transactions, and all were valid and lawful. *Sampson v. Shaw*, 19 Mo. App. 274; *Hargadine v. Henderson*, 97 Mo. 375; *Foster v. Planing Mill Co.*, 92 Mo. 79, which is cited with approval in *Larrabee v. Bank*, 114 Mo. 592; *Shelley v. Boothe*, 73

Mo. 74.   And this is true, even though the mortgagor intended at the time of the execution of the mortgage to immediately thereafter make a general assignment. *Sampson v. Shaw, supra; Larrabee v. Bank*, 114 Mo. 592; *Bank v. Bank*, 136 U. S. 223.   (3) The statutes of this state in reference to assignments, like the statutes of some of the other states, which make the preference of creditors invalid, was never intended to apply to any other instrument than the instrument of assignment itself, and the authorities all tend, and many expressly hold, in that direction.   R. S. 1889, sec. 424; *Sampson v. Shaw*, 19 Mo. App. 274; *Brown v. Foster*, 2 Metc. (Mass.) 152; *Bates v. Coe, supra*.

*Gates & Wallace* for respondent.

(1) The making of the conveyances and the deed of assignment constituted one and the same transaction.   These instruments were all drawn by the same attorney during the forenoon of the same day. They were all acknowledged by the same notary public.   They were all taken to the recorder's office by one representative of the company at the same time, and filed for record within a few minutes of each other.   The law will look upon such a transaction in its entirety, and treat the whole thing, as it is in fact, as an assignment for the benefit of creditors.   The preferences will be declared void whether the preferred creditors at the time of accepting the same, knew of the assignment or not.   *Larrabee v. Bank*, 114 Mo. 592; *Preston v. Spaulding*, 120 Ill. 208; *In Re Geohegan*, 24 Ill. App. 157; *Reed v. Elliott*, 134 Ind. 536; *Berger v. Varrelmann*, 127 N. Y. 281; *Bank v. Bard*, 59 Hun, 529; *Holt v. Bancroft*, 30 Ala. 221; *Ellison v. Moses*, 95 Ala. 221; *Hardware Co. v. Implement Co.*, 47 Kan. 423; *Bank v. Sands*, 47 Kan. 591; *Jones v. Kellogg*,

51 Kan. 263; *Lancaster v. Wheeler*, 62 N. H. 479; *Kellogg v. Root*, 23 Fed. Rep. 525; *Berry v. Cutts*, 42 Me. 445; *Van Patten v. Burr*, 52 Iowa, 518; *Mahn v. Salmon*, 20 Fed. Rep. 801. (2) The corporation, being insolvent and about to quit business, could not, in the settlement of its affairs, provide for the payment of those debts upon which the stockholders and directors were liable as sureties or indorsers, and leave its other creditors practically unprovided for. By this act, the directors, who were also the stockholders, secured to themselves a benefit and advantage which the law will not tolerate. The general rule may be admitted that the directors of a corporation in such a condition can prefer one creditor over another. But there is another rule which is a limitation upon this one, and that is, that they can not do so to their own advantage, and to the disadvantage of the unsecured creditor. *Goodyear Rubber Co. v. Geo. D. Scott & Co.*, 96 Ala. 439; *Cory v. Wadsworth*, 11 S. Rep. (Ala.) 350; *Lippincott v. Carriage Co.*, 25 Fed. Rep. 577; *Tank Line Co. v. Varnish Co.*, 45 Fed. Rep. 7; *Howe v. Co.*, 44 Fed. Rep. 231; *Banking Co. v. Empire Co.*, 91 Ga. 624; *Adams v. Milling Co.*, 35 Fed. Rep. 433; *Hayes v. Bank*, 51 Kan. 535; *Gibson v. Furniture Co.*, 96 Ala. 357; *Beach v. Miller*, 130 Ill. 162; *Haywood v. Lumber Co.*, 64 Wis. 646; *Sicardi v. Oil Co.*, 149 Pa. St. 148; Morawetz on Corp. [2 Ed.], sec. 787; *Roan v. White*, 93 Mo. 504; *Williams v. Jones*, 23 Mo. App. 132. (3) A conveyance by an insolvent debtor which is voluntary in part is fraudulent *in toto*. *National Tube Works v. Machine Co.*, 118 Mo. 365; *State ex rel. v. Hope*, 102 Mo. 410; *Boland v. Ross*, 120 Mo. 208.

BURGESS, J.—On the seventeenth day of April, 1890, the Ziegler-Zaiss Commission Company, an insolvent corporation, intending to prefer some of its cred-

itors to others, and then to make a general assignment for the benefit of their creditors not preferred, executed two chattel mortgages, the first to the American National Bank and certain other parties, and the second to B. F. Coombs Commission Company and Henry Albers, and then a voluntary assignment for the benefit of all its creditors, the assignment being made subject to said mortgages. The mortgages and deed of assignment were all executed on the same day, delivered to an attorney of the Ziegler-Zaiss Commission Company and by him taken to and deposited in the recorder's office of Jackson county, Missouri, where the members of the company last named resided, for record, in the order above named, the space of time between their filing, being about five minutes between the first two, and fifteen minutes between the last two.

At the time of the execution of the mortgages and assignment the Ziegler-Zaiss Commission Company was indebted to the American National Bank in the sum of $2,000 as evidenced by two notes of $1,000 each, held by said bank, and said commission company was also indebted to said bank as indorser upon certain notes held by the bank, which the bank had discounted for it. The property included in said chattel mortgage to the defendant bank was a stock of goods, wares, merchandise, etc., contained in a store building, numbers 520 and 522, Walnut street, Kansas City, Missouri, together with a certain vinegar factory owned by said commission company and located in said city, and all accounts, books, notes and evidences of debt owned by said commission company. The first mortgage also secured the payment of notes to the amount of $1,000 held respectively by Clara Zaiss, and A. Schieferle for which T. B. Buckner was trustee.

As soon as the bank was notified of the execution of said mortgage, it at once took possession of the

mortgaged property, which was before either of the mortgages or deed of assignment had been deposited in the recorder's office for record. When it took possession it had no knowledge of the existence of the second mortgage or of the deed of assignment. A sufficient amount of the property was sold to satisfy the debt due the bank, and that which remained, including accounts, was turned over to the second mortgagees, from which the claim of B. F. Coombs & Brother Commission Company was also paid in full.

Plaintiff and other creditors not included in either of the mortgages proved up claims before the assignee in the deed of assignment to the amount of about $13,000, but none of the parties secured by said mortgages presented their claims to the assignee, they having been before that time paid in full from sales and collections.

This suit was brought to set aside said mortgages, and to compel the beneficiaries therein to pay over to the assignee the amounts of money received by them respectively from sales and collections of the mortgaged property, in order that the same may be distributed *pro rata* among all the creditors of the mortgagor. The court rendered a judgment and decree in accordance with the prayer of the petition.

The finding, judgment and decree of the court are as follows:

"That on the seventeenth day of April, 1890, the defendant, The Ziegler-Zaiss Commission Company was a corporation organized and doing business under the laws of the state of Missouri; that the stockholders of said corporation were Joseph Ziegler, Henry Zurn, Frederick Zaiss and Adolph Zaiss, who were also its directors and officers; that one or two evenings prior to the seventeenth day of April, 1890, said directors and officers decided that the said corporation should

execute two chattel mortgages for the purpose of securing and preferring certain creditors, and also a deed of general assignment for the benefit of all its creditors; that pursuant to said purpose it did, on April 17, 1890, execute a chattel mortgage conveying all its personal property, including notes and accounts, to the defendants, the American National Bank, A. Schieferle, Clara Zaiss and T. B. Buckner, as trustee, to secure a debt of $2,000 to the said American National Bank, and certain notes in said mortgage described, indorsed by it to said bank; a debt of two thousand (2,000) dollars to A. Schieferle; a pretended debt of $4,400 to said Clara Zaiss, and a pretended debt of $1,000 to said T. B. Buckner, as trustee. That on said day it also executed another chattel mortgage conveying the same property to the B. F. Coombs & Brother Commission Company, and Henry Albers to secure a debt of $947.23 to B. F. Coombs & Brother Commission Company, and a pretended debt of $605.50 to secure Henry Albers. That on said day it also executed a general assignment whereby it conveyed all its property to Phillip Doppler, as assignee, for the benefit of all its creditors.

"That said mortgages and said deed of assignment were all executed in the forenoon of the same day, at the same time, and were all recorded in the office of the recorder of deeds of Jackson county, at Kansas City, by the attorney of the Ziegler-Zaiss Commission Company, in the afternoon of the said day, they all having been taken to the said office at the same time, and the first described mortgage having been recorded at one o'clock and ten minutes, P. M.; the second described mortgage having been recorded at one o'clock and fifteen minutes P. M., and said deed of assignment at one o'clock and thirty minutes, P. M. That on the seventeenth day of April, 1890, said defendant, the Ziegler-

Zaiss Commission Company was wholly insolvent, it being indebted to various parties in various amounts aggregating a sum much larger than all its assets, and on said day said corporation ceased to do business and has not since said date done any business.

"That the debt to the said bank, the debt to the said A. Schieferle, the debt to the said B. F. Coombs & Brother Commission Company, and $2,500 of the debt to the said Clara Zaiss, described in said mortgages were *all bona fide* debts of the Ziegler-Zaiss Commission Company, but that the other alleged debts described in said mortgage were not owing by the said Ziegler-Zaiss Commission Company; that one or more of said directors were securities or indorsers on all of said *bona fide* debts, except said debt to the said B. F. Coombs & Brother Commission Company.

"That said chattel mortgages were executed by the said Ziegler-Zaiss Commission Company for the purpose of cheating and defrauding all of the creditors of the said Ziegler-Zaiss Commission Company, except those mentioned in said chattel mortgages, but that the mortgagees in said mortgages were not parties to said fraud and had no knowledge of the assignment, or of the intent to make such assignment, when they took possession under the mortgage, and such possession was taken before said assignment was recorded.

"That at the date of the said mortgages and said deed of assignment said Ziegler-Zaiss Commission Company, was indebted to the plaintiff in the sum of seven thousand, nine hundred and sixty dollars and ninety-eight cents ($7,960.98), and to various other parties not mentioned in said mortgages in sums aggregating about six thousand ($6,000) dollars.

"That within two or three days after said April 17, 1890, plaintiff gave notice to one Charles E. Kollman, who had possession of said property for and on behalf

of the parties described in said chattel mortgages, and before any of said property had been disposed of, that he, said Kollman, should hold the same, or in case of sale, the proceeds thereof, for the benefit of the creditors; and that plaintiff would, as soon as its claim was allowed by the assignee, institute proceedings to have said property, or the proceeds thereof, applied for the benefit of the creditors of the Ziegler-Zaiss Commission Company.

"That said assignee, Phillip Doppler, duly qualified as assignee but has heretofore resigned, and the defendant, William S. Flournoy, has been appointed by the court as assignee in place and stead of said Doppler, and is now the duly qualified and authorized assignee of the said Ziegler-Zaiss Commission Company; that the plaintiff's said claim was allowed by said assignee, Phillip Doppler, for said amount of $7,960.98 on August 6, 1890; that the property described in said chattel mortgages was turned over to said mortgagees and by them sold, and out of the proceeds the said American National Bank has received the sum of $2,367.07; A. Scheiferle the sum of $2,000; the said B. F. Coombs & Brother Commission Company, the sum of $947.72; said T. B. Buckner the sum of $1,000 and the said Clara Zaiss the sum of $4,400.

"That debts of the Ziegler-Zaiss Commission Company, aggregating about $13,000, have been allowed by said assignee, no part of which have been paid; that when the said $2,000 was paid by Kollman to Schieferle, he delivered his note for that sum to Henry Zurn, indorser of said note and director of said company; that upon payment of $4,400 to Clara Zaiss, she also delivered her note to said Henry Zurn, indorser and director.

"It is therefore ordered, adjudged and decreed by the court, that said chattel mortgages be and are hereby set aside and for naught held; that said American National Bank pay over to the said William S. Flournoy, assignee, as aforesaid, the amount received by it by virtue of said mortgage, to wit, the sum of two thousand, three hundred and sixty-seven dollars and seven cents ($2,367.07) that said A. Schieferle pay over to the said William S. Flournoy, assignee as aforesaid, the sum received by him by virtue of said mortgages, to wit, the sum of two thousand ($2,000) dollars; that the said Clara Zaiss pay over to the said assignee the amount received by her by virtue of said mortgages, to wit, the sum of four thousand, four hundred ($4,400) dollars; that said T. B. Buckner pay over to said assignee the amount received by him by virtue of said mortgages, to wit, the sum of one thousand ($1,000) dollars; that the said B. F. Coombs & Brother Commission Company pay over to said assignee the amount received by it by virtue of the said mortgages, to wit; the sum of nine hundred and forty-seven dollars and seventy-three cents ($947.73).

"It is further adjudged and decreed by the court that upon the said American National Bank paying to said assignee the said amount of $2,367.07, that it shall be thereafter entitled to receive from said assignee a *pro rata* distribution on said amount of $2,367.07 of the assets that are now or may hereafter come into his hands, with the other creditors of the Ziegler-Zaiss Commission Company whose claims have been allowed by the assignee. That said A. Schieferle upon paying to the said assignee the said amount of $2,000 shall thereafter be entitled to receive from said assignee a *pro rata* distribution on said amount of $2,000 out of the assets in his hands, or that may hereafter come into his hands, with the other creditors of Ziegler-Zaiss

Commission Company whose claims have been allowed by the assignee. That said B. F. Coombs & Brother Commission Company upon paying to the said assignee the said amount of $947.76 shall thereafter be entitled to receive from said assignee a *pro rata* distribution on said amount of $947.76 out of the assets in his hands or that may hereafter come into his hands, with the other creditors of the said Ziegler-Zaiss Commission Company whose claims have been allowed by the assignee. That upon Clara Zaiss paying said assignee said amount of $4,400 she shall thereafter be entitled to receive from said assignee a *pro rata* distribution on the amount of $2,500 of the assets in his hands, or that may hereafter come into his hands, with the other creditors of said Ziegler-Zaiss Commission Company whose claims have been allowed by the assignee. Provided that any defendant who shall fail or neglect within ninety days from the date of this decree, to pay the said assignee the full amount herein adjudged that he, she or it shall pay, shall receive nothing from said assignee out of the assets of said Zeigler-Zaiss Commission Company. But if an appeal be taken from this judgment, the time herein allowed for payment of the sums adjudged against parties who have received payments under the mortgages shall be extended ninety days from the affirmance of the judgment, if affirmed, provided a supersedeas bond be given.

"It is also ordered and adjudged that, if any of said defendants fail or neglect to pay to said assignee within thirty days from the date hereof the amount herein adjudged and ordered that said defendants shall pay to said assignee, the plaintiff shall have execution, for the use and benefit of said assignee, William S. Flournoy, against such defendant or defendants for the amount it, he or she has been ordered herein to pay and has failed or neglected to pay.

"That plaintiff have and recover its costs against the defendants herein, and have execution therefor, except as to Henry Albers, who goes hence without day."

The defendants against whom judgment was rendered appealed.

The trial court held that the mortgages and deed of assignment constituted one and the same transaction, an evasion of the assignment act, and that the mortgages were by reason thereof void as to the creditors for whose benefit they were executed.

It has been repeatedly held in states having assignment statutes similar to our own, where an insolvent corporation had executed different mortgages on all of its property to secure preferred creditors, intending at the same time to make, and did shortly thereafter make, an assignment subject to such mortgages for the benefit of all its creditors, that the mortgages and assignment were one and the same transaction, and an evasion of the statutes. *Ellison v. Moses*, 95 Ala. 221; *Holt v. Bancroft*, 30 Ala. 193; *Bank v. Bard*, 59 Hun, 529; *Berger v. Varrelmann*, 127 N. Y. 281; *Peed v. Elliott*, 134 Ind. 536; *Preston v. Spaulding*, 120 Ill. 208; *Jones v. Kellogg*, 51 Kan. 263; *Hardware Co. v. Implement Co.*, 47 Kan. 423; *Bank v. Sands*, 47 Kan. 591; *Kellogg v. Root*, 23 Fed. Rep. 525; *Berry v. Cutts*, 42 Me. 445; *Van Patten v. Burr*, 52 Iowa, 518.

While the ruling of the court upon the question now under consideration is sustained by a great many adjudications, there are a large number, of equal merit, which hold to a contrary view, and, owing to the difference in the phraseology of the assignment laws under which both classes of decisions were made, it would be an unprofitable and useless task to undertake to either harmonize them or to point out in which way they

differ. Among the latter class belong those of our own courts.

The case of *Larrabee v. Franklin Bank*, 114 Mo. 592, can not be regarded as an authority in support of the court's ruling, as in that case the right of an insolvent corporation to prefer a *bona fide* creditor in the payment of his debt, and to secure him by a mortgage upon its property, is expressly recognized, and it was upon the facts developed in that case, that is, that the officers of the Franklin Bank were parties to, planned and carried out the entire scheme for the sale and purchase by them of about all of the assets of the insolvent company, and the execution of a deed of assignment on what little remained, and the keeping it from record until their ends were accomplished, that the transactions in connection therewith were, we think rightly, held to constitute but one and the same transaction and that the bank should not profit by an advantage thus obtained.

In *Sampson v. Shaw*, 19 Mo. App. 274; the court quotes with approval from *Bates v. Coe*, 10 Conn. 293, in which it is said:

"As to the validity of the mortgage, under which the plaintiff claims, it is said, first, that it is to be taken as part and parcel of the assignment; because, having been executed about the same time, and its object being the same, it is to have the same effect. To this position are cited several authorities. 1 Sw. Dig. 227; *Isham v. Morgan et al.*, 9 Conn. Rep. 374; *Draper et al. v. Jennings et al.*, 2 Vern. 518. It is indeed true that, where two instruments are executed at the same time, between the same parties, relative to the same subject-matter, and to effectuate one object, they are to be taken together; but where two deeds are given to different persons, for different considerations, not executed at the same time, nor relative to the same

subject matter, nor to effectuate the same object, nor in pursuance of a contract made by the grantees jointly, they will be considered and take effect as separate instruments. To this extent, and no further, the cases cited go. There is nothing common between these instruments, except the property conveyed. The mortgage was first in point of time; then the deed of assignment. They are not between the same parties. Daniel Bates, Parsons Coe, and Benjamin Baldwin are the mortgagees; and Daniel Bates and Parsons Coe are the assignees. The mortgage is conditional,—to secure debts and against liabilities: the assignment is absolute,—to pay creditors. It is beyond comprehension that these instruments, in their nature and object thus diverse, should be deemed part of the same transaction."

That case (*Sampson v. Shaw*) was followed and approved in *Bascom v. Rainwater*, 30 Mo. App. 483.

We do not think, under the facts disclosed by the record, that the execution of the mortgages and deed of assignment were one and the same transaction. *Brown v. Foster*, 2 Metc. (Mass.) 152; *Fairbanks v. Haynes*, 23 Pick. 323; *Fuller v. Mehl*, 33 N. E. Rep. 773; *Gilbert v. McCorkle*, 110 Ind. 215; *Cross v. Carstens*, 31 N. E. Rep. 506; *Whipple v. Stebbens*, 35 N. W. Rep. 94; *Nelson v. Gary*, 19 N. W. Rep. 630; *Stix v. Sadler*, 109 Ind. 254.

There is perhaps no principle of law better settled in this state than that a debtor, though in failing circumstances, may prefer one of his creditors over another, and in so doing may secure such preferred creditor to the exclusion of all others, provided only that it be done *bona fide* and in good faith. *Hargadine v. Henderson*, 97 Mo. 375; *Sampson v. Shaw*, 19 Mo. App. 274; *Hard v. Foster*, 98 Mo. 297; *Dougherty Cooper*, 77 Mo.

528; *Sellers v. Bailey*, 29 Mo. App. [174; *Murray v. Cason*, 15 Mo. 378.

Nor can the right of a creditor of a private corporation to secure and retain a preference for his claim against such corporation over other creditors although the corporation may at the time be in failing circumstances be seriously questioned. *La Grange, etc., Co. v. Bank*, 122 Mo. 154. In that case a creditor, the National Bank of Commerce, obtained a preference over other creditors of the Batchelder Egg Case Company, a corporation then in failing circumstances, by suing out an attachment and levying it upon the property of the corporation, while the property was yet remaining in the possession of the company, unaffected by liens or process of law, and it was held that the preference thus acquired was legal, and should be upheld. See also *Florsheim Bros., etc., Co. v. Wettermark*, 30 S. W. Rep. (Tex.) 505.

It is equally clear that the Ziegler-Zaiss Commission Company, although in failing circumstances, while it remained in possession of, and had dominion over, its corporate property, had the right, in the absence of fraud or statutory restrictions, to prefer some of its creditors to others, and to secure their claims by mortgage on its effects. *Coats v. Donnell*, 94 N. Y. 168; *Sanford, etc., Co. v. Howe, Brown & Co.*, 157 U. S. 312. And such a preference was not invalidated by reason of the general assignment of the Ziegler-Zaiss Commission Company although made subsequently on the same day. *Alberger .v. Bank*, 123 Mo. 313; *Bank v. Bank*, 136 U. S. 223; *Slavens v. Cook Drug Co., ante*, p. 341.

In *Foster v. Planing Mill Co.*, 92 Mo. 79, SHERWOOD, J., in speaking for the court, said: "A corporation, within the scope of the purposes for which it was incorporated, may do any act in furtherance of those

purposes which an individual in similar circumstances might do, and though insolvent, may prefer some creditors to others, even though such creditors are among the directors of the corporation." That case was followed and approved in *La Grange, etc., Co. v. Bank, supra; Alberger v. Bank, supra; Larrabee v. Bank*, 114 Mo. 592.

Plaintiff's counsel admit that, as a general rule, the directors of a private corporation, although insolvent, may prefer one of its creditors over another, but contend that they can not do so to their own advantage to the detriment of other creditors. A different rule, however, prevails under the general assignment statute when an assignment is made by a debtor for the benefit of his creditors. In such case the assignment must be for the benefit of all the creditors of the assignor in proportion to their respective claims; and any provision made in any assignment providing for the payment of one debt or liability in preference to another is void, and all debts and liabilities, including judgments entered by confession thirty days previous to such assignment, must be paid *pro rata* from the assets. R. S. 1889, sec. 424.

An assignment for the benefit of creditors embraces all the creditors of the assignor, while a deed of trust or mortgage is only for the benefit of those named in the deed of trust or mortgage. Where an instrument of writing is made to secure the payment of a debt, with the right secured to the party executing it to redeem the property therein described by the payment of the debt before sale under the instrument, it is in law a mortgage.

While a corporation remains in control and has dominion over its property it may prefer one creditor over another, may sell all or any part of its property, or it may be attached at the instance of its creditors,

and with respect to such matters its corporate property is in no sense a trust fund, and it is only in case of its insolvency, and when its assets come to be administered, that a court of equity takes possession of its property and the trust fund doctrine applies. "That doctrine only means that the property must first be appropriated to the payment of the debts of the company before any portion of it can be distributed to the stockholders; it does not mean that the property is so affected by the indebtedness of the company that it can not be sold, transferred, or mortgaged to *bona fide* purchasers for a valuable consideration, except subject to the liability of being appropriated to pay that indebtedness. Such a doctrine has no existence." *Fogg v. Blair*, 133 U. S. 534.

In a recent decision by division one of this court, it was held that the fact that an insolvent corporation had secured one of its creditors, and subsequently, on the same day, made a voluntary assignment for the benefit of its general creditors, did not defeat that preference. *Alberger v. Bank*, 123 Mo. 313.

If, as we have said, an insolvent corporation may, in the absence of any statutory inhibition, as in this state, prefer some of its creditors by mortgage or deed of trust upon its property, it must necessarily follow that the subsequent execution of a deed of assignment on the same property on the same day, or even the same hour, could not invalidate the preference. The corporation had the right to dispose of its property by one or more conveyances, and if its officers saw proper to execute two or more, instead of one general assignment, it would seem that it had the right to do so, although they may at the time have intended to make a general assignment.

Most of the cases which hold that an insolvent corporation can not on the same day execute a mort-

gage securing a preferred creditor and afterward make a general assignment without invalidating the preference, if the intention was to do so at the time of their execution, are predicated upon the intention of the insolvent, which appears to us to be an unsound basis. As has been said, a corporation has the unquestioned right to dispose of its property as it may be inclined, so long as it remains in control of and has dominion over, it, and to prefer one or more creditors to others, although it be insolvent and has discontinued business, provided it does so in good faith, and to secure a *bona fide* creditor, or purchaser, and no rights have intervened; and the fact that it may intend at the time to, and does, in fact, immediately thereafter, make a general assignment can make no possible difference.

The defendants had no information of the intention of the Ziegler–Zaiss Commission Company to make the mortgages for their benefit, or to make a general assignment for the benefit of its creditors, before it was done, and the fact that the bank took possession of the mortgaged property under its mortgage before the same was recorded, can not affect its rights, especially when there is no pretense that there was any fraud upon its part, and that its debt, the debt to Schieferle, the deed to Coombs & Brother Commission Company and $2,500 of the debt to Clara Zaiss were *bona fide* as found by the trial court.

To hold that, when the defendant Ziegler–Zaiss Commission Company had determined to discontinue business, by mere operation of law, in the absence of any steps being taken to have its property equitably administered among all of its creditors, its officers were shorn of all power of disposition or control over its property, would be illogical and inconsistent with the idea that every partnership and person, while in the

control and dominion of his property, has the right to make any fair and *bona fide* disposition thereof.

Another contention is that at the time of the execution of the mortgages and deed of assignment one or more of the directors of the Ziegler-Zaiss Commission Company, there being four of them, were securities or indorsers on the debt to the defendant bank, the debt to Schieferle, and $2,500 of the debt due to Clara Zaiss, and, being at the time insolvent and about to quit business, it is contended it could not provide for the payment of those debts upon which the stockholders and directors were liable as sureties or indorsers, and leave its other creditors practically unprovided for; that, by so doing, the directors who were also the stockholders secured to themselves a benefit and advantage over unsecured creditors which the law will not permit. Upon the other hand it is contended that the corporation was primarily liable, and the preference given defendants, who were *bona fide* creditors, was not rendered invalid by reason of the fact that the stockholders and directors were liable as sureties or indorsers on the debts held by them against it.

The right of an insolvent corporation to deal with its directors or stockholders, who may be its creditors, by executing to them mortgages or other liens upon its corporate assets, thereby preferring them to other creditors, is very questionable and not necessary to a decision of this case. Moreover it would be a useless consumption of time to review the many decisions bearing on the question, which are in hopeless conflict, and on each side of which there are to be found many decisions of courts of equally eminent ability and learning.

There are many authorities which hold in accordance with plaintiff's contention, among which may be cited: *Lippincott v. Shaw Carriage Co.*, 25 Fed. Rep. 577; *Tank Line Co. v. Varnish Co.*, 45 Fed. Rep. 7;

*Kankakee,etc., Co. v. Kampe*, 38 Mo. App. 229; *White, etc., Mfg. Co. v. Importing Co.*, 30 Fed. Rep. 865; *Adams v. Milling Co.*, 35 Fed. Rep. 433; *Howe, Brown & Co. v. Sanford, etc., Co.*, 44 Fed. Rep. 231. The last cited·case has since been overruled by the United States supreme court in an opinion by BREWER, J. (157 U. S. 312). They are all predicated of the trust fund doctrine which, as has been shown, does not apply in this state until an assignment by the corporation of its property for the benefit of its creditors, or until legal or equitable proceedings have been begun against it or its property. *Alberger v. Bank, supra.* Or it may be in so far as to preclude the directors and officers of the corporation from dealing with the corporate property in such manner as to secure preferences to themselves.

Defendants, who appealed, were *bona fide* creditors having no connection whatever with the corporation, and it can not be that the fact that some one or more of the directors were indorsers or securities for their debts, would, in law or equity, deprive them of a preference over other creditors which had been legally and fairly obtained. No satisfactory reason has been suggested why they should be thus debarred of the right of being preferred by taking security that might prove to be worthless.

The right of an insolvent corporation to sell outright in good faith to a *bona fide* purchaser its corporate property so long as it remains in possession, and has dominion over it, will not, we presume, be seriously questioned, as the law guarantees to all persons, and to corporations as well, the right to dispose of their property as they choose, subject only to the restriction and limitation stated. The fact that the purchaser might be a creditor and in this way obtain an advantage over other creditors would not deprive him of the right to

buy, nor of the corporation to sell to him, if done in good faith.

If, then, the corporation could sell outright, it would seem to logically follow that it might, under the same circumstances, prefer a creditor by giving a mortgage on its corporate property.

In speaking of a similar question in *Sanford, etc., Co. v. Howe, Brown & Co.*, *supra*, which is the last adjudication by the supreme court of the United States on this subject, BREWER, J., said: "Will it be doubted that, if this mortgage had been given directly to the holders of these notes, it would have been valid? Are creditors who are neither stockholders nor directors, but strangers to a corporation, disabled from taking security from the corporation by reason of the fact that upon the paper they hold there is also the indorsement of certain of the directors or stockholders? Must, as a matter of law, such creditors be content to share equally with the other creditors of the corporation, because, forsooth, they have also the guarantee of some of the directors or stockholders, whose guarantee may or may not be worth anything?"

The defendant corporation was a distinct entity. It had the right to sue and defend against suits brought against it in its own name, and to contract within the terms of its charter the same as an individual. It is true that its affairs were necessarily managed by its officers and agents, yet it had the same right to dispose of its property in the absence of any prohibitory statute as an individual had, subject to the same rules and restrictions.

In a recent decision of the supreme court of the United States, *Hollins v. Coal & Iron Co.*, 14 Sup. Ct. Reporter, 127 (150 U. S. 371), it was said:

"These cases negative the idea of any direct trust or lien attaching to the property of a corporation in

favor of its creditors, and at the same time are entirely consistent with those cases in which the assets of a corporation are spoken of as a trust fund, using the term in the sense that we have said it was used.

"The same idea of equitable lien and trust exists to some extent in the case of partnership property. Whenever a partnership, becoming insolvent, a court of equity takes possession of its property, it recognizes the fact that in equity the partnership creditors have a right to payment out of those funds in preference to individual creditors, as well as superior to any claims of the partners themselves. And the partnership property is, therefore, sometimes said, not inaptly, to be held in trust for the partnership creditors, or that they have an equitable lien on such property. Yet, all that is meant by such expressions is the existence of an equitable right which will be enforced whenever a court of equity, at the instance of a proper party and in a proper proceeding, has taken possession of the assets. It is never understood that there is a specific lien, or a direct trust.

"A party may deal with a corporation in respect to its property *in the same manner as with an individual owner*, and with no greater danger of being held to have received into his possession property burdened with a trust or lien. The officers of a corporation act in a fiduciary capacity in respect to its property in their hands, and may be called to an account for fraud, or sometimes even mere mismanagement in respect thereto; but as between itself and its creditors the corporation is simply a debtor, and does not hold its property in trust or subject to a lien in their favor, in any other sense than does an individual debtor. That is certainly the general rule, and if there be any exceptions thereto they are not presented by any of the facts in this case. Neither the insolvency of the corporation, nor the exe-

cution of an illegal trust deed, nor the failure to collect in full all stock subscriptions, nor all together, gave to these simple contract creditors any lien upon the property of the corporation, nor charged any direct trust thereon."

As to all the appellants in so far as their claims were held to be *bona fide* by the court below, the judgment is reversed; in all other respects it is affirmed. All of this division concur.